16772

TEDDER v. COCA-COLA BOTTLING COMPANY OF DARLINGTON

(77 S. E. (2d) 293)

*Messrs. Paulling & James* of Darlington, *for Appellant,*

*Messrs. James P. Mozingo, III,* and *Benny R. Greer* of Darlington *for Respondent,*

48

Aug. 13, 1953.

TAYLOR, Justice.

This case comes to this Court on appeal from Darlington County, Honorable J. Frank Eatmon, Presiding Judge.

The facts, briefly stated, are that Essie Mae Tedder purchased several bottles of Coca-Cola from a Darlington merchant. It appears that the respondent had been sent by her employer, she being a maid, to the place of business of Carolina Furniture Company, which it seems had a small part of its premises reserved for the purpose of selling soft drinks, ice cream and like articles. She bought four Coca-Colas in all, which were opened by the attendant and placed in a paper carton and carried by the respondent to the apartment of her employer, which was in an upstairs portion of the same building. Testimony showed that the first three Coca-Colas were taken by her employer and some companions and that respondent took the remaining Coca-Cola. She proceeded to consume practically all of it, at which time she began, as the testimony shows, to "gag and spit", and among other things, spat out a piece of glass. She complained of pains in her mouth and throat and was taken to the office of a local physician, who examined her and testified that at the time he found slight evidence of lacerations

and inflammation. Testimony was to the effect that the bottle of Coca-Cola had not been broken in any way.

After the initial visit of respondent to the physician above referred to, she went back on several occasions, had $x$-rays taken and on each occasion complained of pains about her body, primarily in her abdomen. This program continued for some 50 odd days and on the last occasion the doctor, in the course of a rectal examination, discovered a piece of glass in respondent's rectum about two inches inside the body, which he extracted and which was offered in evidence in this case. Testimony also showed that from time to time the stools of respondent showed evidence of a blood discharge. There was no explanation offered as to how the glass came to be in the Coca-Cola.

Motions for nonsuit, directed verdict and motion for Judgment *non obstante veredicto* or for a new trial as an alternative were timely made by appellant. All of which were refused.

Appellant raises twenty-one exceptions in the appeal, although in the statement of questions involved only four questions are posed, consisting of the following:

"1. Did the trial judge err in refusing defendant's motions for nonsuit and directed verdict, for judgment *non obstante veredicto,* and for a new trial based upon failure of proof of (1) actionable negligence, (2) violation of the Pure Food Statutes, and (3) applicability of the Pure Food Statutes?

"2. Did the action of the trial judge in refusing defendant's motions for a directed verdict, for judgment *non obstante veredicto,* and for a new trial result, under the facts of this case, in taking the property of the defendant without due process of law and in denying to the defendant the equal protection of the laws, in contravention of the Fifth and Fourteenth Amendments to the Constitution of the United States and of Section 5, Article I, of the Constitution of the State of South Carolina?

"3. Did the trial judge err in refusing to charge the jury the following portion of the requests of defendant:

" 'So, in this case, I charge you that you would not be warranted in finding a verdict against the defendant from the mere fact that a piece (or pieces) of glass was found in the bottle in question, but the plaintiff must go further and prove to your satisfaction, by the greater weight of the evidence, not only that the piece (or pieces) of glass was in the bottle, but also that its presence in the bottle was due to the negligence or carelessness of the defendant and that such negligence was the proximate cause of the plaintiff's injury, before you can find a verdict for the plaintiff in this case.'

"4. Did the trial judge abuse his discretion in refusing to grant a new trial on the ground that the verdict was so excessive as to justify the inference that it was capricious or influenced by passion, prejudice, or other considerations not found in the evidence?"

In our view, the lower Court must be sustained. The appellant, in the course of its argument, lays primary emphasis on the third proposition listed above, to the substantial effect that it was error of the trial Judge to refuse to charge that the mere fact that a piece, or pieces, of glass was found in the bottle was not enough, but that respondent was required to go further and prove to the Jury's satisfaction by the greater weight of the evidence that the presence of glass in the bottle was due to negligence or carelessness on the part of the defendant-appellant.

There is no merit in this contention for the reason that the cases heretofore decided by this Court have held that the violation of the Pure Food and Drug Act is negligence *per se* and that a plaintiff need do nothing more than prove a violation of the said Act, which was done in this case, and the charge of the Presiding Judge was in conformity with this proposition of law. *Gantt v. Columbia Coca-Cola Bottling Co.,* 193 S. C. 51, 7 S. E. (2d) 641, 127 A. L. R. 1185.

The only other question which in our opinion requires a determination is that set forth in paragraph four of the questions involved to the effect that the Judge was in error in refusing a new trial for the reason that the verdict of $5,000.00 was so excessive as to justify the inference that it was capricious or influenced by passion, prejudice or other considerations not found in the record.

There is ample evidence from which the Jury could have arrived at its verdict, such as, pain and suffering, fright and shock, hospitalization, medical expenses and period of disability. Judge Eatmon, in his order refusing appellant's motion for judgment *non obstante veredicto* or for a new trial in the alternative, held as a fact that he observed nothing in the trial of the case indicating any passion, prejudice or other improper considerations which influenced the jury in their decision. It must be remembered that the findings of the trial Judge in this particular connection are entitled to great and almost conclusive weight and will not be disturbed ordinarily.

The foregoing disposition of questions three and four amply disposes of those questions contained in paragraphs one and two.

It is our opinion that all exceptions should be overruled, the judgment of the lower Court affirmed and It Is So Ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.