## 19551

Miriam CUMMINGS, Appellant, v. DORCHESTER COCA-COLA
BOTTLING COMPANY, Respondent

(194 S. E. (2d) 185)

*Messrs. Waldman & Joye,* of Charleston Heights, and *George B. Bishop,* of Moncks Corner, *for Appellant,*

*Messrs. Grimball & Cabaniss,* of Charleston, *for Respondent,*

*Messrs. Waldman & Joye,* of Charleston Heights, *for Appellant,* in Reply.

January 17, 1973.

BRAILSFORD, Justice.

Plaintiff brought this action for damages against the defendant, Dorchester Coca-Cola Bottling Company, for illness allegedly sustained from drinking a Coca-Cola, bottled by the defendant, which contained a deleterious substance unfit for human consumption. The jury returned a verdict for defendant, and plaintiff appeals upon exceptions which charge that the court misstated the applicable law in declaring it to the jury.

It is conceded that there was sufficient evidence for the jury to find that the Coca-Cola contained deleterious matter when it left the defendant's hands, in violation of the Pure Food and Drug Act, and that the ingestion of this adulterated material was the proximate cause of plaintiff's illness.

The trial judge properly instructed the jury that proof of violation of the Act would be the equivalent of proof of negligence, that is to say, negligence *per se*. However, plaintiff complains that the judge fell into error by also charging as follows:

"You would not be warranted in finding a verdict against the defendant from the mere fact that something foreign and deleterious was found in the bottle in question, but you must find that the defendant manufacturer was in fact negligent in placing such a deleterious or foreign matter in the bottle, and that it was there due to the negligence and carelessness of the defendant."

The instruction complained of was included in a rather full charge on common law negligence, by which the jury was told that a bottler is not an insurer of the purity of its products and is only bound to use ordinary care to keep them free of deleterious matter, etc. This was error under our decisions which adopt the majority view that violation of the Act is negligence *per se,* entitling a plaintiff to recover if such violation is the proximate cause of injury to

him. *Gantt v. Columbia Coca-Cola Bottling Co.*, 193 S. C. 51, 7 S. E. (2d) 641 (1940) ; *Tedder v. Coca-Cola Bottling Co. of Darlington,* 224 S. C. 46, 77 S. E. (2d) 293 (1953) ; Prosser on Torts, Sec. 35, p. 202 (3d ed. 1964). As candid counsel for defendant conceded in oral argument, the only burden upon plaintiff was "to prove that the beverage in question was unwholesome or unfit (when it left the bottler's hands) and that it caused the illness." *Miller v. Atlantic Bottling Corp.,* S. C., 191 S. E. (2d) 518, 519 (1972).

Counsel seeks to justify the instruction complained of upon the ground that the jury could have found from the evidence that the deleterious matter entered the bottle after it was purchased by plaintiff, hence that no violation of the Act was proved. The fact that under the evidence the verdict of the jury may have been soundly based does not cure the error in declaring the law, because of which plaintiff is entitled to a new trial.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.