8359

SMITH v. SOUTHERN RY.

MASTER AND SERVANT—FELLOW SERVANTS—ISSUES.—The evidence in this case as to whether a railroad supervisor of bridges and buildings was acting as a superior officer or agent of the railroad company as to a track foreman in requesting him to ride in his motor car to inspect a bridge lately "filled in" with earth, being susceptible of more than one inference, the issue should have been sent to the jury.

Before ERNEST GARY, J., York.    Reversed.

Action by Henry D. Smith against Southern Railway Company and Southern Railway—Carolina Division. Plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Whether plaintiff was acting within the scope of his employment was for the jury:* 37 S. C. 194; 3 S. C. 8; 67 S. C. 391; 58 S. C. 143. *Was Douglas acting within his duties?* 3 S. C. 8; 67 S. C. 391; 77 S. C. 549; 37 S. C. 377; 65 S. C. 75; 69

S. C. 413; 76 S. C. 211; 58 S. C. 143; 67 S. C. 395; 38 Am. St. R. 366; 82 S. C. 547; Elliott 2057; Thomp. on Neg. 3748; 27 L. R. A. 161; 3 Am. St. R. 222; 10 Am. R. 361; 27 Am. St. R. 224; Cool. on Torts 1033, 1030; 27 L. R. A. 161. *Defendant is liable under art. IX, sec. 15 Con.:* 80 S. C. 543; 82 S. C. 305; 69 S. C. 122; 80 S. C. 545; 77 S. C. 553; 82 S. C. 305; 56 S. C. 448; 61 S. C. 468; 86 S. C. 305. *The issue was for the jury:* 77 S. C. 553; 82 S. C. 547. *Master is liable for defect in motor car:* 75 S. C. 405; 71 S. C. 81; 18 S. C. 275; 72 S. C. 402; 61 S. C. 468; 35 S. C. 405; 32 S. C. 302; 34 S. C. 211; 57 S. C. 249.

*Messrs. McDonald & McDonald,* contra, cite: *Douglass was a fellow servant of plaintiff:* 1 McM. 330; 56 S. C. 446; 75 Am. St. R. 580; 71 S. C. 53; 51 S. C. 79; 70 S. C. 95; 78 S. C. 413; 12 So. 581.

October 31, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an appeal from an order of nonsuit in an action for damages for personal injuries sustained by plaintiff, who, at the time he was injured, was a track foreman in the service of the defendant, Southern Railway Company.

While plaintiff was at work on his section, Mr. Douglas, who was also in the service of said defendant, as supervisor of bridges and buildings, came along in a railroad motor car, and, after some conversation with plaintiff, Douglas asked him to get in the car and go to Rock Hill with him. Plaintiff declined the invitation, but said he would like to ride over his section with him for the purpose of inspecting his track. A trestle in plaintiff's section had been "filled" the week before, and plaintiff told Douglas that it had been reported out of line. Douglas replied that he was glad he had mentioned it, and told him to get on the car, and they

would go and inspect it together.   Plaintiff got on the car, and, after going some distance, the car jumped the track, and plaintiff's leg was broken.

The negligence alleged and relied upon to sustain the action was that of Douglas in ordering plaintiff to get on the motor car, which the testimony tended to show was known to Douglas to be in a defective and dangerous condition.

Plaintiff sought to bring his case within the provisions of section 15 of article IX of the Constitution which makes railroad corporations liable to their employees for injuries which result from the negligence of "a superior agent or officer, or of a person having a right to control or direct the services of a party injured."

The sole question, therefore, is whether there was any testimony tending to prove that Douglas was, as to plaintiff, a superior officer or agent, or had the right to control or direct his service.

According to the rules of the company in evidence, the work of keeping up the road is under the general supervision of the road master, who has under him subordinates called track supervisors and supervisors of bridges and buildings. By rule 812, the former have charge of the repairs of the roadbed and tracks, and of the track foreman, who report to and receive instructions from them.   By rule 913, the latter have charge of the maintenance of all bridges, culverts, etc., and of the workmen employed thereon.   While, as a general rule, track foremen report to and receive orders from the track supervisor, rule 837 makes it their duty to watch all bridges and structures in their sections not otherwise provided for, and to protect the same and make such temporary repairs thereof as safety and the dispatch of business may require.   Rule 845 requires them to keep all culverts open.   Rule 855 requires them to report any defects discovered in bridges or trestles to the supervisor of bridges and buildings, and if the defects are such as to require imme-

diate attention, they must arrange for the protection of trains as may be necessary.  Rule 913 specifically gives the supervisor of bridges and buildings charge of the men employed on bridges and culverts.  There is testimony that trestles are in the same category as bridges, and that there was a culvert in the fill which had been made at the trestle spoken of.  Therefore, if the track on the trestle was out of line, and in such condition as to require immediate attention, it was plaintiff's duty to report it to Douglas, and if the conditions were such as to make it incumbent upon him, under the rules, to repair it, he would have been under the direction and control of Douglas in doing it.  *Rippey* v. *Ry.,* 80 S. C. 539, 61 S. E. 976, 21 L. R. A. (N. S.) 601n.

Moreover, plaintiff testified, in substance, that Douglas was his superior officer, and that he felt that he would not be loyal to the company if he refused to do what he asked him to do.  He also said that the work at the trestle was still partly under the jurisdiction of both the track supervisor and the supervisor of bridges and buildings, and that, at the time they were going to inspect it, the trestle was still in Douglas' department, and that it remained so, until the chords were removed and the track let down upon the earth, and then it would pass into the track department.

The foregoing statement shows that the evidence was susceptible of more than one inference, upon the point at issue, and, therefore, the case should have been submitted to the jury.

Reversed.