8686

## SMITH v. SOUTHERN RAILWAY—CAROLINA DIVISION.

1. NONSUIT—VERDICT—RES JUDICATA.—The rules governing nonsuit apply in motions to direct a verdict, and where this Court on previous appeal has reversed an order of nonsuit, it will sustain refusal to direct verdict for defendant, when the only difference in the trial is that on the second defendant had more evidence on the issues.

2. MASTER AND SERVANT—IBID.—And such former adjudication settles the issue as to whether a servant was a superior officer or agent to the one injured, and the finding that he was renders the master liable for injuries received from obeying his orders and using a machine furnished by him to the injured servant, whether it was the machine designated by the master for that particular use or not.

Before SEASE, J., York, November, 1912.    Affirmed.

Action by Henry D. Smith against Southern Ry.—Carolina Division.    Defendant appeals.

*Messrs. B. L. Abney* and *McDonald & McDonald,* for appellant.

*Mr. J. Harry Foster,* contra.

November 11, 1913.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    This is the second appeal in this case.    The facts are fully stated in the opinion of the Court on the first appeal (93 S. C. 115, 76 S. E. 109), which resulted in the reversal of a judgment of nonsuit.    The evidence on the second trial was not materially different from that on the first, except in quantity.    Therefore, the Court did not err in refusing to direct a verdict for defendant.    It makes no difference that defendant had more evidence to sustain its contentions of fact than it had at the first trial, because, where there is any evidence to sustain a material fact in issue, in a law case, the

· weight or sufficiency of it is exclusively for the jury, except in so far as the trial Judge may consider that feature of it on a motion for new trial.

In *Jackson* v. *Ry.*. 84 S. C. 299, 66 S. E. 181, it was held that, as the rules which govern the granting of nonsuits govern also the direction of verdicts, this Court could not consistently sustain the direction of a verdict for defendant on the third trial, when it had sustained the refusal of a nonsuit on each of the previous trials on substantially the same evidence. Applying that principle here, the reversal of the judgment of nonsuit on the first appeal concludes this appeal in so far as it questions the ruling of the Court in refusing defendant's motion for the direction of the verdict, because the evidence was practically the same in each case.

What we have said is especially applicable to the question whether Douglass was a superior agent or officer, or person having the right to control or direct the services of the plaintiff with · regard to the particular business about which they were engaged, when the injury occurred, because that was the main question considered on the first appeal.

Appellant argued another question: Whether plaintiff's recovery can be sustained, when it appeared that his injury resulted from the use of a machine which was not provided for him by defendant, and not intended by defendant for his use in the performance of his duties, and was not being used for the purpose for which it was intended and furnished by defendant. A moment's reflection suffices to show that this question is involved in and depends upon the decision of the principal question, to wit: whether Douglass was a superior agent or officer, or person having the right to control or direct the plaintiff's services. If he was,— and the verdict says he was—he was the representative of the defendant, and the machine which he furnished. and

the orders which he gave the plaintiff were, in law, the same as if they had been furnished and given by the defendant.

The other questions raised by the exceptions were not argued, presumably because, on mature consideration, they were found to be without merit.

Affirmed.