Eula Mae PAGE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. AC/610.

United States District Court
E. D. South Carolina,
Columbia Division.

Jan. 9, 1963.

Taylor, Rogers & Cordell, Columbia, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., George E. Lewis, Asst. U. S Atty., Columbia, S. C., for defendant.

WYCHE, District Judge (by designation).

This is an action under the Federal Tort Claims Act, 60 Stat. 842, 843, 28 U.S.C.A. §§ 1346(b) and 2671 et seq., for damages for personal injuries received by the plaintiff when she was struck by an automobile operated by an agent of the defendant, acting within the scope and course of his employment, at Murrays, on United States Highway #1 in Lexington County, South Carolina.

In compliance with Rule 52(a), Rules of Civil Procedure, I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

FINDINGS OF FACT

There is not much dispute in the basic facts in this case.

At approximately 11:30 o'clock p. m. the plaintiff was standing in the eastbound traffic lane of United States Highway #1 at a place other than a marked cross-walk, at a point at Murrays, or

Murray Town, a small community located between Batesburg-Leesville and Lexington, South Carolina.

The night was clear; the roadway was black asphalt; about one-half mile before entering this area a forty-five mile per hour speed limit was posted.

Plaintiff was in a drunken, helpless condition but was able to walk with difficulty. There was disparity in the testimony as to the color of plaintiff's dress which she was wearing when she was struck by defendant's automobile.

A patrol inspector with the United States Border Patrol was proceeding northeastwardly on United States Highway #1, traveling from Macon, Georgia, to Columbia, South Carolina. Traveling with him was another employee of the United States Border Patrol. They had traveled from Macon, Georgia, to North Augusta, South Carolina.

Just prior to the accident the driver of defendant's automobile was traveling at a speed in violation of the South Carolina traffic statutes. Before colliding with the plaintiff defendant's automobile skidded thirty feet.

The employee passenger in the defendant's automobile estimated that when he first observed plaintiff she was a distance of from 120 to 180 feet. The driver of defendant's automobile would not venture an estimate of the distance but stated that upon observing plaintiff he applied the brakes and veered to the right.

Plaintiff was struck by the left-front end of defendant's vehicle while she was standing in the east-bound traffic lane; she went over the hood of the automobile and when the car stopped she was just off of the paved portion of the highway at a point approximately opposite the right-rear wheel of defendant's automobile; plaintiff was semi-conscious at the time and talked with the driver of defendant's car and the highway patrolman, coherently at times and in a confused manner at other times.

The driver of defendant's automobile summoned the highway patrolman and an ambulance and plaintiff was taken to a hospital.

The driver of defendant's automobile was guilty of negligence per se by violating the traffic statutes of South Carolina.

The plaintiff was guilty of contributory negligence and contributory recklessness.

Plaintiff's injuries included multiple abrasions and contusions, a fracture of the right clavicle and a fracture of the right humerus. She remained in the hospital for approximately six weeks.

Plaintiff is an alcoholic and has been for many years. At the time of the accident she was unemployed. Prior to her unemployment, she had worked a few months as a housekeeper in a rural section near Walterboro, South Carolina, earning $20 per week. Prior to that she had been employed for a time in a mill where she earned approximately $40 per week. Since the accident she worked as a housekeeper briefly in Walterboro, South Carolina, and also tried to assist the woman with whom she has lived for a good portion of the time since the accident, with housework.

## CONCLUSIONS OF LAW

Section 46–362, Code of Laws of South Carolina, 1952, provides for speed limit of " * * * (1) Twenty-five miles per hour in any business district. (2) Thirty-five miles per hour in any residence district; * * *."

The collision occurred in a business and residence district.

Section 46–260, Code of Laws of South Carolina, 1952, provides: "A 'business district' is the territory contiguous to and including a roadway when within any six hundred feet along such roadway there are buildings in use for business or industrial purposes, including but not limited to hotels, banks, office buildings, railroad stations and public buildings, which occupy at least three hundred feet of frontage on one side or three hundred feet collectively on both sides of the roadway."

Within six hundred feet of the point where plaintiff was struck, buildings were in use for business or industrial purposes which occupied more than three hundred feet collectively on both sides of the roadway.

By statutory definition (Section 46–261, Code of Laws of South Carolina, 1952) the area immediately east of where plaintiff was struck is a residence area, with a speed limit of thirty-five miles per hour.

The Government's witnesses admitted its vehicle was traveling fifty to fifty-five miles per hour. The evidence shows that there was a sign purportedly erected by the South Carolina Highway Department some one-half mile or so from the point of impact which indicated a reduced speed at that point to forty-five miles per hour; the character of the neighborhood changed substantially from that point to the point where the collision occurred. Regardless of whether the speed limit was twenty-five, thirty-five or even forty-five miles per hour, the defendant was exceeding it by traveling fifty to fifty-five miles per hour in this business and residential community.

■ However, I must conclude that the plaintiff was guilty of contributory negligence and contributory recklessness by going upon a highway in a drunken condition without making any attempt to observe the approaching traffic, or attempting to get out of the way of approaching automobiles, which by the exercise of ordinary care she could have seen in time to have avoided being struck by the defendant's automobile.

The plaintiff contends that under the doctrine of last clear chance she should recover.

■ The law with reference to the doctrine of last clear chance in South Carolina seems now to be settled. In Jones v. Atlanta-Charlotte Air Line R. Co. et al., 218 S.C. 537, 63 S.E.2d 476, 26 A.L.R.2d 297, the Supreme Court said: "A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm, (a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and (b) the defendant 1. knows of the plaintiff's situation and realizes the helpless peril involved therein; or 2. knows of the plaintiff's situation and has reason to realize the peril involved therein; or 3. would have discovered the plaintiff's situation and thus had reason to realize the plaintiff's helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and (c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff.

"Decisions in conformity with the foregoing hold that one is incapable of care if prostrate from intoxication or other cause, and within the rule if the other factors are present."

■■ Plaintiff in this case was not prostrate from intoxication, I cannot say that the plaintiff was unable to avoid the accident by the exercise of vigilance and care, nor can I say that the defendant knew of plaintiff's situation and realized the helpless peril involved therein, or that the driver of defendant's automobile knew of the plaintiff's situation and had reason to realize the peril involved therein, or that he would have discovered plaintiff's situation and thus had reason to realize plaintiff's helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and thereafter was negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff. The only evidence in the case shows that the plaintiff was standing in the east-bound traffic lane in the path of defendant's automobile. The driver of the automobile had a right to rely on the fact that plaintiff would exercise due care for her own safety. There is no proof that the driver of defendant's automobile was aware that plaintiff was in a helpless condition. I, therefore, cannot say that plaintiff is entitled to re-

cover under the doctrine of last clear chance.

For the foregoing reasons, it is my opinion that judgment in this case should be for defendant.

It is, therefore, Ordered, That the complaint in the above entitled action be and the same is hereby dismissed and judgment entered for the defendant.