18128

Stephen GUNNELS, by his Guardian *ad Litem* and natural mother, Hazel Gunnels, Respondent, v. Studard ROACH, Appellant

(133 S. E. (2d) 757)

*Messrs. Watkins, Vandiver, Freeman & Kirven,* of Anderson, *for Appellant,*

*Messrs. Anderson & Doyle,* of Anderson, *for Respondent,*

December 3, 1963.

BRAILSFORD, Justice.

This is an action for personal injuries sustained by an eight-year-old boy when he ran from between cars parked

diagonally at a curb and into the right rear door of a passing automobile driven by the defendant. The latter appeals from an adverse judgment, charging that the court erred in submitting the issue of liability to the jury. The sole question on this appeal is whether the evidence, in the light most favorable to plaintiff, is sufficient to support an inference that the defendant was guilty of actionable negligence in any of the particulars alleged in the complaint.

The accident occurred as defendant was passing Crayton Manor Apartments in the City of Anderson. These multiple apartment buildings were on the right of the street in the direction in which he was traveling. A number of cars were parked diagonally at the curb in front of the apartments. Plaintiff and another small boy were playing tag between these cars and the buildings. The parked cars blocked defendant's view of the children and blocked their view of his approaching automobile. At the critical instant, plaintiff touched the other boy and, in attempting to escape being tagged back, dashed across the sidewalk and curb, between parked cars and into the side of defendant's automobile, which he did not see prior to the impact. As already stated, the point of impact was on the right rear door of defendant's four door sedan.

A passenger in defendant's automobile testified that he happened to be looking toward the right and saw the boy as he darted out, about a second before the collision, stating, "It was just like a flash. You couldn't have told whether it was a girl or a boy."

The defendant did not see plaintiff prior to the accident. He testified that about the time the passenger hollered "lookout" he felt an impact, applied his brakes and stopped his car within about two car lengths.

The foregoing facts are undisputed and clearly demand reversal, unless that result is changed by two additional items of testimony to which the trial judge gave controlling weight.

Plaintiff testified that he was about a yard from the road when he was "hit." Counsel, apparently, contends that this testimony tends to establish that defendant was negligent in driving off of the main traveled portion of the street. While the street in front of the apartment buildings is wider than it is some distance beyond them, it is no more so than is necessary to accommodate diagonal parking at the curb and two way traffic. The street is hard surfaced to the curb with nothing to separate the area in which parking is permitted from the remainder of it. These facts are clearly shown by a number of photographs in evidence and there is no testimony to the contrary. Plaintiff simply could not have run into defendant's passing automobile without emerging from behind the parked cars, and when he did so, he was in the street. His contrary testimony is without probative value.

Furthermore, the complaint alleges that plaintiff was struck by the automobile when he "attempted to cross the road." It contains no allegation that defendant was negligent in driving off of the traveled portion.

The other item of testimony relied upon is that of plaintiff's mother as to a statement made to her by the defendant after the accident. "He said that he was actually responsible for it, that he was looking off of the road, and that the man that was driving along with him told him that a little boy was there, that they had hit a little boy." Despite defendant's denial, this testimony must be accepted as true for the purposes of this appeal. It is susceptible of the inference that defendant was guilty of negligence in failing to keep a proper lookout.

The legal principles which control the rights of the parties are well understood and have been recently stated for this court in *Horton v. Greyhound Corporation,* 241 S. C. 430, 128 S. E. (2d) 776. Negligence is not actionable unless it is a proximate cause of the injury complained of, and it may be deemed a proximate cause only when without such negligence the injury would not

have occurred or could have been avoided. Hence, the burden was upon plaintiff to establish, not only that the defendant negligently failed to keep a proper lookout, but also that the accident could have been avoided if he had been vigilant in this respect.

Here, the undisputed evidence is that the defendant did not see the boys as he approached the scene, and that they could not have been seen by a motorist, in the exercise of due care, in their position on the sidewalk in front of the parked cars. Even if the defendant had, by chance, been looking to his right immediately before the accident, he could not have seen plaintiff until the front of his automobile was approximately opposite the space through which the plaintiff ran, or until plaintiff cleared the back of the cars. The circumstantial evidence fully supports the uncontradicted testimony that the boy was in view only momentarily before the impact. Had defendant seen him at the instant he became visible, the collision could not have been avoided. Under the familiar "but for" or "without which" test of causal connection, negligence in failing to properly look out for that which could not have been seen in time to have avoided an accident can not be held a proximate cause of resulting injuries.

Although *Critzer v. Kerlin*, 231 S. C. 315, 98 S. E. (2d) 761, and *Williams v. Clinton*, 236 S. C. 373, 114 S. E. (2d) 490, may be distinguished from this case, in that there was no evidence in either that the defendant was inattentive, each involved the sudden emergence of a child from behind an obstruction in such close proximity to an automobile that the driver had no opportunity to avoid a collision. In each it was held that the impulsive act of the child was the sole proximate cause of the injury. In those cases the drivers, although attentive, were prevented by obstructions from seeing children in time to avoid injury to them. Here, the defendant could not have seen the child in time to have avoided the injury even if he had been vigilant. Therefore, the defendant's inattention

must be regarded as coincidental rather than causal. *Horton v. Greyhound Corporation,* 241 S. C. 430, 128 S. E. (2d) 776. The following quotation from Horton is fully applicable to the facts with which we deal.

"This is simply one of those rare cases in which the evidence, although sufficient to support an inference of concurrent negligence by the defendants, is insufficient to support a reasonable inference that without such negligence the collision would not have occurred. * * *" 128 S. E. (2d) 782.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.