**Dorcas Crater THOMAS, Administratrix of the Estate of Kizer Ronald Thomas, Deceased, Plaintiff,**

v.

**Allen M. BRUTON, Jr., and Allen M. Bruton, III, Defendants.**

**Civ. A. No. AC–1711.**

United States District Court
D. South Carolina,
Florence Division.

July 7, 1967.

Henry H. Edens, Columbia, S.C., for plaintiff.

Joseph L. Nettles, Columbia, S.C., for defendant.

## ORDER

HEMPHILL, District Judge.

This action was brought for the wrongful death of Kizer Ronald Thomas against Allen M. Bruton, Jr. and Allen M. Bruton, III. Thomas was fatally injured when struck by a truck operated by Allen Bruton, III, on Ocean Boulevard in Ocean Drive, South Carolina. The truck was used in the plumbing business in which the Brutons were partners. It is alleged that the death occurred as a result of the negligence of Allen Bruton, III, while operating the truck within the scope and course of his employment. The defendants answer by denial and by raising the defenses of sole negligence and contributory negligence. The action was brought under the diversity jurisdiction of this court. The matter was tried by the court without a jury in Florence, S. C. on May 9, 1967. The facts therefore will be found specially and the conclusions of law stated separately.

## FINDINGS OF FACT

The day of March 26, 1964 fell within the Easter Holiday period at Ocean Drive Beach and on that day the holiday crowd was beginning to arrive at the beach. Northward from the central part of town on Ocean Boulevard some several blocks are an area of beach hotels and motels. On the ocean side, as they begin, there is the Sea Vista hotel and then the Helms hotel. Across the street from the Helms hotel is the Sea Shells hotel. The Boulevard at that point and for blocks north and south has two lanes of traffic in either direction with shoulders and with a central median. It is well lit by a series of mercury vapor street lamps installed on the right side of the street.

Around 9:30 that evening a group of visitors were gathering in the Helms hotel parking area next to the highway. Eighteen year old Ronald Thomas was among them.

Allen Bruton, III, was twenty-three years old that year and was working with his father in the plumbing trade. That evening he was driving their 1962 Ford pickup plumbing truck northward on Ocean Boulevard. There were pipe racks on the side of the truck such as are familiarly on plumbing and electrical trucks. They rest on the truck bed and are about chest high. The speed of the truck was normal for the conditions, and it was not a factor in the accident which was then about to take place. When the truck was about 150 to 200 feet away from the Helms hotel, young Bruton noticed a crowd of boys and girls about 15 to 20 feet off the road. Similar groups of people were, on this weekend, all up and down the beach. The group at Helms hotel gave no indication that they were likely to run into the road.

Randolph Harrison Smith, a friend of Thomas's who was also down from North Carolina, was standing out in front of the Sea Shells hotel across the street. He had previously spoken to Thomas about 15 to 30 minutes before. He saw that a group of boys were tussling around in the manner of horseplay across the street from him, and they appeared to him to be moving toward the highway right at the shoulder. Thomas and

another boy were tussling when Thomas jerked free, his momentum carrying him into the highway. The truck was right there.

As Allen Bruton was about 35 feet away from the scene he first saw the boys come onto the pavement. He was almost abreast of them when he caught a glimpse from the side. Ronald Thomas struck the side of the truck. The truck and rack were within the confines of the road. Bruton said there was no time for him to blow the horn or to swerve away: there was no time for anything. Randolph Smith said the truck could not avoid the accident.

Thomas was found after the impact partially on the road and partially off the road. He never regained consciousness. The truck after impact swerved on over to the median.

## CONCLUSIONS OF LAW

It is the conclusion of the court that the accident occurred as a direct and proximate result of the sole negligence of the deceased.

When crossing at any other than an intersection or a crosswalk the pedestrian must yield the right of way to vehicular traffic. S.C.Code Ann. § 46–435 (1962). See e. g., Hopkins v. Reynolds, 243 S.C. 568, 135 S.E.2d 75 (1964); Gunnels v. Roach, 243 S.C. 248, 133 S.E.2d 757 (1963); Carma v. Swindler, 228 S.C. 550, 91 S.E.2d 254 (1956). Even in crosswalks no pedestrians "shall suddenly leave a curb * * * and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield." S.C.Code Ann. § 46–433 (1962). Causative violation of applicable statutes is actionable negligence and evidence of recklessness. Shearer v. DeShon, 240 S.C. 472, 126 S.E.2d 514 (1962). The pedestrian is always under the general duty to maintain a proper lookout and to do those things for himself which are necessary for his safety. Carma v. Swindler, 228 S.C. 550, 91 S.E.2d 254 (1956).

On the other hand, the court concludes that the defendant breached no duty owing to the plaintiff's intestate and that his conduct was reasonable under the circumstances and was not negligent. He was maintaining a proper lookout and control of the vehicle, and there was nothing under the circumstances which would have alerted him to an unknown danger and required him to perform in any other manner. Cf. Herring v. Boyd, 245 S.C. 284, 140 S.E. 2d 246 (1965).

Under the circumstances the conduct of the plaintiff's intestate would bar his recovery as contributory negligence even had the defendant been guilty of negligence.

It is further concluded that the doctrine of last clear chance does not apply in this case. It is an exception or a qualification or modification to the doctrine of contributory negligence which presupposes some negligence on the part of the defendant. 65A C.J.S. Negligence §§ 136(1)–136(2) (1966).

Where a plaintiff has negligently subjected himself to risk of harm from defendant's subsequent negligence, the plaintiff may under the doctrine of last clear chance recover for harm caused thereby if, immediately preceding harm, the plaintiff is unable to avoid it by exercise of reasonable vigilance and care and the defendant knows or should know of plaintiff's peril, and is thereafter negligent in failing to utilize with reasonable care and competence, his then existing ability to avoid harming plaintiff. E. g. Page v. United States, 212 F.Supp. 668 (E.D.S.C.1963) (Wyche, J.).

The elements required for invoking the doctrine of last clear chance are not present in this case. Simply and essentially, however, the defendant had no last clear chance to break the train of causation and to avoid this accident.

It is therefore ordered that judgment be entered for the defendants.

And it is so ordered.