19220

Herbert Vernon RICHARDSON, Appellant, v.
Samuel Vassey WILLIAMSON, Respondent
(181 S. E. (2d) 262)

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Colum-
bia, *for Appellant,*

Messrs. *Henderson, Salley & Bodenheimer,* and *Williams & Johnson,* all of Aiken, *for Respondent,*

May 13, 1971.

BUSSEY, Justice:

In this action plaintiff-appellant seeks to recover for personal injuries and property damage sustained in an automobile collision. Appeal is from an order directing a verdict in favor of the defendant. The date of the collision was December 30, 1960, and suit was commenced on November 18, 1966, in the Court of Common Pleas for Orangeburg County. The cause was subsequently removed to Aiken County, the residence of the defendant, and tried there at the June, 1970 term of court, nearly ten years after the collision.

At the close of plaintiff's case, the defendant started to make a motion for an involuntary nonsuit, but, upon being interrupted by a question from the trial judge, decided to offer no evidence on behalf of the defendant and moved for a directed verdict on the sole ground that there was "not sufficient evidence of any actionable negligence" on the part of the defendant. The trial judge granted such motion, holding not only that there was no evidence of negligence, but

that even if there were such negligence, there was no evidence that such was the proximate cause of the collision.

Assuming, as contended by the defendant, that there was no evidence of actionable negligence, a motion for a nonsuit was the appropriate one, rather than a motion for a directed verdict. Such, however, is here of little consequence as, in our view, the defendant was entitled to neither a nonsuit nor a directed verdict.

It is elementary that in considering whether a defendant is entitled to either a nonsuit or a directed verdict, the evidence and all the inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. We, accordingly, state the evidence and the inferences deducible therefrom in the light of such principle.

The collision occurred at approximately 1:30 P. M., December 30, 1960, approximately 1.3 miles north of the intersection of Highway 3 and Highway 394 in Orangeburg County. Such intersection is approximately three miles south of Poole's Mill, South Carolina. The plaintiff, who was alone, was driving a Chevrolet in a northerly direction en route from Springfield to Poole's Mill. The defendant was driving an Oldsmobile, in which there were several passengers, in a southerly direction toward Springfield.

Both vehicles were badly damaged and plaintiff and all occupants of the Oldsmobile were severely injured. The plaintiff has no recollection of the actual collision. He was rendered unconscious and remained so for approximately three weeks. He was in the hospital for a total of nine months and was sent at one time to Duke Hospital in an effort to determine if he could regain his memory concerning the actual collision, but such efforts were a failure and at the time of the trial he still did not remember the actual impact, or have any recollection of seeing the defendant's car prior thereto. The defendant also had a loss of memory, for a time, but regained it within several months after the collision.

A highway patrolman investigated the collision at the time, but had long since lost his notes and had virtually no recollection as to the details. The only other witnesses were the plaintiff himself and a Mr. Fickling, who came upon the collision immediately after it happened. In evidence were several photographs of the two vehicles and several of the scene of the collision, looking both north and south on the highway. The evidence does not disclose with precision the point of impact, but as plaintiff approached the scene, the road ahead of him curved to his right (a fairly gentle curve according to the photographs) and then ascended a slight hill toward the end of the curve. As plaintiff was approaching the curve there was a tractor to his right of the highway with a man thereon and two boys standing beside the same. Because of the curve and the fact that the plaintiff did not know whether the tractor was about to enter the highway, he slowed his speed to about fifteen or twenty miles per hour in passing the tractor. He waved at the people about the tractor as he went by. Plaintiff's last memory prior to the collision was waving at these people and glancing at them in his rear view mirror as he went on by. At the moment of his last recollection, he was on his right hand side of the road and driving not more than twenty miles an hour.

Mr. Fickling, at the time of the collision, was approaching the scene, driving south in the direction of Springfield. As he approached the hill or little rise to the north of the point of collision, he saw a cloud of dust at the point where he found the wrecked vehicles, he being some three or four hundred feet from such cloud when he observed it. The dust had still not settled when he pulled alongside the vehicles and proceeded with various other people to try to render assistance. At that time the two vehicles were still jammed together on the east or plaintiff's side of the highway. The rear bumper of the Oldsmobile was about the center line and its front wheels were on the east shoulder. The Chevrolet had its right wheels on the east shoulder and its left

wheels on the pavement still headed in a northerly direction parallel to the pavement. The left front of the Chevrolet was jammed into the right front of the Oldsmobile. All debris from the collision, mud, grease and glass, was in the northbound or plaintiff's lane of travel.

The photographs of the vehicles in evidence indicate a collision of terrific force. The entire front of the Oldsmobile was demolished, but it is clearly inferable from the photographs that the main force of the impact was on the right side of its front end. The photograph of the Chevrolet showed without question that the main force of the impact was on the left side of its front end, the left front wheel having been driven back considerably by the blow. From these photographs it is certainly clearly inferable, if not completely obvious, that at the moment of the impact either the Oldsmobile had to be angling to its left, or the Chevrolet had to be angling to its right, or, at least possibly, there existed a combination of the two.

Although there are some factual differences, we do not think the present case, in principle, differs from the case of *Brock v. Carolina Scenic Stages & Carolina Casualty Co. of Burlington,* 219 S. C. 360, 65 S. E. (2d) 468. The plaintiff, of course, in the *Brock* case was deceased, but the plaintiff in the instant case might as well be deceased insofar as being able to recall the circumstances and details of the actual collision. It was held in *Brock,* that while the difficulty of proof does not relieve a plaintiff of the burden of proof, in such a situation the court should take a very liberal view of the testimony. Here, as in *Brock,* we do not have the benefit of the testimony of the driver of the other vehicle, the defendant himself. There were several occupants of defendant's vehicle, at least some of whom were present at the trial and none of whom testified. We, of course, do not know what knowledge or recollection they have of the collision. Clearly, as in *Brock,* the circumstances here are sufficient to require an explanation by the defendant.

When all of the circumstances hereinabove related are considered together, they are certainly sufficient, we think, at least in the absence of any explanation from the defendant, to warrant an inference that the collision was proximately caused by the defendant's vehicle being negligently driven to the left of the center of the highway. Shortly before the collision when he last remembered, plaintiff was traveling at a moderate rate of speed on his side of the road. In *Brock,* all of the debris, with the exception of one piece of metal, was on the plaintiff's side of the road, but here all of the debris was on plaintiff's side of the road. Unlike *Brock,* the plaintiff here, rather than the defendant, was on the inside of the curve, if, in fact, the collision occurred in the curve. Precisely where it did occur with reference to the curve is not disclosed by the record. From the position of the vehicles immediately following the collision and the matter of angular impact, above mentioned, at least one reasonable inference is that immediately prior to the impact the Oldsmobile was angling across the center line to its left while the Chevrolet was trying to avoid it by getting upon the shoulder. All of these circumstances taken together, particularly when unexplained, clearly rise, we think, above suspicion and conjecture and reasonably warrant an inference of actionable negligence.

The order of the court below is, accordingly, reversed and the cause remanded for a new trial.

Reversed and remanded.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.