19227

Lorena BURR, Respondent, v. COCA-COLA BOTTLING CO. OF COLUMBIA, INC., Appellant

(181 S. E. (2d) 478)

*Messrs. Lumpkin & LaFaye,* of Columbia, *for Defendant-Appellant,*

*Messrs. Luther M. Lee, and Dallas D. Ball,* of Columbia, *for Respondent,*

May 27, 1971.

LEWIS, Justice.

Plaintiff recovered judgment in the County Court of Richland County against defendant, Coca-Cola Bottling Company of Columbia, Inc., for actual damages in the amount of $700.00, allegedly sustained when she consumed certain deleterious matter from a bottled drink prepared and sold by defendant under the name of Fresca. Defendant has appealed from the denial of its motion for judgment notwithstanding the verdict and for a new trial.

The only question necessary to be considered is whether the trial judge erred in refusing appellant's motion for a directed verdict upon the ground that there was no proof to sustain a finding that the alleged injury of respondent was proximately caused by any negligence of the appellant. Assuming that negligence on the part of appellant has been shown, respondent would not be entitled to recover unless such negligence caused or contributed to her injury. *Fowler v. Coastal Coca-Cola Bottling Co.,* 252 S. C. 579, 167 S. E. (2d) 572.

The evidence touching the foregoing issue, viewed most favorably to respondent, shows that she purchased, on May 12, 1969, a carton of six bottles of soft drink, known as Fresca, from a merchant whose business is located near the City of Columbia, South Carolina. She carried the carton of drinks to her home in Columbia and shortly thereafter opened one of the bottles. Her testimony was that it had not been previously opened. After she had consumed about

three swallows from the bottle, she detected an "odd, powdery, flat" taste. Upon examining the remaining contents, she found that it contained a small "wad" of some type foreign substance. She then called her husband who immediately carried the bottle and showed it to the groceryman from whom it was purchased. In about two hours after drinking from the bottle of Fresca, respondent became nauseated, which was followed later by diarrhea and chest pains.

Respondent did not consult a physician until the following day, when she was given some medication and hospitalized for tests, apparently to determine any connection between her heart and the pains she was experiencing in her chest. She had never experienced chest pains, nor this type illness before.

The doctor who treated and examined the respondent did not testify, but a written report by him of the illness was placed in evidence. This report gives no opinion as to the cause of respondent's sickness.

To establish a causal connection between the drinking of the Fresca and her subsequent illness, respondent relies upon her testimony that (1) in about two hours after taking about three swallows from the bottle, she became ill; and (2) she had never suffered an illness of this type before. In other words, respondent contends, in effect, that since her illness followed the consumption of the contaminated drink, an inference arises that it was a proximate cause of the illness.

It is frequently held that a showing of symptoms of illness shortly following the drinking of a contaminated beverage is sufficient to make a jury issue on causal connection. In order for such inference to arise, however, there must appear a reasonable basis upon which to conclude that the subsequent illness was the natural and probable consequence of drinking the contaminated beverage, so that the connection between the two is not left to conjecture or speculation. While the time interval between the consumption of the beverage and the subsequent illness is

not necessarily controlling, *Harrison v. Berkley,* 1 Strob. 525, it is of significance in determining the probability of the intervention of some other cause to which the illness or damage might as reasonably be attributed. The connection may become speculative and conjectural if the time interval is not immediate and there is no showing that because of the nature of the illness and damage it, at least, most probably resulted from the alleged cause. The application of the "most probably" rule *in tort* actions was discussed in *Gambrell v. Burleson,* 252 S. C. 98, 165 S. E. (2d) 622.

We find no evidence in this record from which a reasonable inference may be drawn that respondent's illness was the proximate result of drinking the alleged contaminated beverage. Since no analysis was made, the chemical properties of the contents of the bottle are not known. The first symptom (nausea) did not occur until about two hours later. There was no medical testimony as to the cause of the illness and common experience shows that the illness suffered by respondent (nausea, diarrhea, etc.) often occurs from other causes. See: *Fowler v. Coastal Coca-Cola Bottling Co., supra,* 252 S. C. 579, 167 S. E. (2d) 572. In view of the nature of the illness, the lapse of two hours before the first symptoms appeared renders the sequence of events too remote, absent other testimony, upon which to base a finding of causal connection.

It follows that the trial judge was in error in refusing appellant's motion for a directed verdict. Judgment is accordingly reversed and the cause remanded for entry of judgment in favor of appellant (defendant).

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.