19483

Delia Bell MILLER, Appellant, v. ATLANTIC BOTTLING CORP., Respondent

(191 S. E. (2d) 518)

*Thomas H. Curlee, Esq.,* of *Lourie and Draine,* Columbia, *for Appellant,*

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, *for Respondent,*

September 12, 1972.

LEWIS, Justice:

Plaintiff brought this action to recover damages allegedly sustained when she drank a deleterious substance from a bottled drink prepared and sold by defendant under the name of Mountain Dew. Upon the trial of the case and at the conclusion of the testimony for plaintiff, the lower court granted a motion by defendant for a nonsuit, upon the ground that there was no evidence to show any causal con-

nection between the alleged deleterious substance and plaintiff's subsequent illness. Plaintiff has appealed from the order of nonsuit.

The parties have agreed upon the substance of the material testimony. Plaintiff testified that at approximately two o'clock, p. m., on a Saturday afternoon, July 25, 1970, she purchased a bottle of Mountain Dew, opened it, and consumed two or three swallows of the contents of the bottle. She immediately thereafter noticed that the liquid in the bottle had a vile smell and taste. Upon examination, a large mass of unidentified foreign substance was discovered in the bottom of the bottle. The bottle, with its remaining contents, was placed in evidence.

Plaintiff testified that immediately after she drank from the bottle she began to feel sick, her mouth began to "water", and she was forced to excrete considerable saliva. She said that the liquid was extremely bitter, her throat and chest began to hurt, she began to feel bad all over, and became nauseated. All of these systoms occurred immediately after the plaintiff swallowed the liquid from the bottle in question.

There was further testimony that, as time progressed, plaintiff became more nauseated and that she vomited within five to ten minutes after she first swallowed the substance from the bottle of Mountain Dew. After she vomited, plaintiff took several medicines in a futile attempt to settle her stomach. She tried to contact her family physician without success. Her sickness continued and during the night she was violently ill and vomited several more times. She continued to suffer with an unsettled stomach through Monday, July 27, at which time she went to her family physician for treatment.

Plaintiff further testified that she was in excellent health and that she was feeling fine immediately prior to drinking the beverage. Over defendant's objection, she said that she had not previously experienced an illness of a similar nature

and could account for her illness only by reference to her drinking the vile foreign substance found in the bottled drink.

The plaintiff's doctor did not testify and there was no chemical analysis made of the foreign substance in the bottle.

The question to be decided is whether the foregoing testimony was sufficient to establish (1) that the substance in the beverage was unwholesome or unfit and (2) that there was a causal connection between the drinking of the foreign substance in the bottle of Mountain Dew and plaintiff's subsequent illness.

Respondent contends that in order to establish causal connection it was necessary for plaintiff to offer expert testimony to show "that the substance found in the Mountain Dew was harmful or that the illness suffered by the plaintiff was 'most probably' the result of the foreign substance in the bottle."

> ■ The burden, of course, was upon the plaintiff to prove that the beverage in question was unwholesome or unfit and that it caused the illness.

There was evidence from which the conclusion could be drawn that the beverage was unwholesome and unfit. It contained a wad or mass of some foreign substance. It was repulsive in appearance and had a vile smell and taste. Neither a chemical analysis nor expert testimony was necessary to establish that such a substance in a bottled drink was unwholesome and unfit for human consumption.

There is testimony that plaintiff, in good health before, became nauseated immediately upon consuming the beverage. While in many instances expert medical evidence would be required to determine whether an illness resulted from a particular act, we do not think that a reasonable person would necessarily require medical testimony in order to determine that the drinking and discovery of a foreign substance of the present nature in a bottled drink most

probably caused the nausea and vomiting which immediately followed the discovery.

The negligent act alleged was the processing, bottling, and sale of a bottled drink containing a foreign and deleterious substance. The result claimed from the consumption of the vile smelling and tasting, and revolting foreign substance was the immediate onset of nausea and vomiting—a result within the experience and observation of the ordinary person. As stated in *Mitchell v. Coca-Cola Bottling Co.*, 11 A. D. (2d) 579, 200 N. Y. S. (2d) 478:

"When the results of an alleged act of negligence are such that they are within the experience and observation of an ordinary layman, a jury or court sitting as the trier of the facts can draw a conclusion as to causal relationship without the necessity of expert medical testimony."

We conclude that the evidence was sufficient to sustain a reasonable inference that the illness of plaintiff was caused by an unwholesome substance found in the bottle of beverage in question. The lower court was accordingly in error in granting the nonsuit.

The cases of *Burr v. Coca-Cola Bottling Co. of Columbia*, 256 S. C. 162, 181 S. E. (2d) 478 and *Fowler v. Coastal Coca-Cola Bottling Co.*, 252 S. C. 579, 167 S. E. (2d) 572 are clearly distinguishable from the present case. In *Burr* the sequence of events was too remote upon which to base a finding of causal connection and, in *Fowler,* plaintiff's illness could as reasonably have been attributed to an act for which defendant was not liable as to one for which he was liable.

The judgment is reversed and the cause remanded for a new trial.

Moss, C.J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.