0353

Vivian S. SPEED, Executrix of the Estate of John Edward Speed, Appellant, v. The NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, and the Florence Branch of the National Association for the Advancement of Colored People, Respondents.

(325 S. E. (2d) 336)

Court of Appeals

*J. Michael Taylor*, Columbia, *for appellant.*

*William L. Pyatt*, Columbia, *for respondents.*

Heard Oct. 22, 1984.

Decided Jan. 2, 1985.

SHAW, Judge:

John Edward Speed brought this action for negligence. The respondents, the state and Florence chapters of the National Association for the Advancement of Colored People, moved for involuntary nonsuit. The trial court granted the motion on the ground there was insufficient evidence of causation. Vivian S. Speed, executrix of Mr. Speed's estate, appeals. We affirm.

A motion for nonsuit admits the truth of violence of ▮ the party against whom the challenge is made. *Hanselmann v. McCardle*, 275 S. C. 46, 267 S. E. (2d) 531 (1980). In deciding the motion, the evidence and inferences must be considered in the light most favorable to the plaintiff. *Fielding Home for Funerals v. Public Savings Life Insurance Co.*, 271 S. C. 117, 245 S. E. (2d) 238 (1978). If more than one reasonable inference can be drawn from the evidence, the motion must be denied. *Bain v. Self Memorial Hospital*, 281 S. C. 138, 314 S. E. (2d) 603 (S. C. App. 1984).

On October 19, 1975, a white police officer shot a black ▮ motorist in Florence. Two days later the local chapter of the NAACP called a meeting at Mount Zion A.M.E. Church at 7:30 p.m. While the meeting was taking place, rioting and looting broke out across the street. At approximately 11:00 p.m., Mr. Speed was attacked and beaten while driving by the church on his way home from work. Mr. Speed's first witness, Andrew Thompson, participated in the meeting. Thompson testified the meeting was called to stop violence that had already broken out; there was an overflow crowd of approximately fifty persons standing outside the church trying to hear the proceedings; and there were approximately one hundred and fifty persons standing near the church who had gathered from nearby bars. Thompson stated this second group, which was in no way associated with the NAACP, began throwing bricks at passing cars and looting neighboring stores. Members of this group hit Mr. Speed's car, dragged him away, and beat him until Thompson appeared. Mr. Speed's other witness was also a victim of the

riot. She testified her car was hit with rocks, bricks, and bottles thrown from a crowd "almost directly in front of the church" while persons were leaving the church.

"Negligence is not actionable unless it is a proximate cause of the injury complained of[;] it may be deemed a proximate cause only when without such negligence the injury would not have occurred or could have been avoided." *Gunnels v. Roach*, 243 S. C. 248, 133 S. E. (2d) 757, 759 (1963). In other words, the alleged negligence must be "the thing that brought about the thing complained of." *Burnette v. Augusta Coca-Cola Bottling Co.*, 157 S. C. 359, 154 S. E. 645, 647 (1930). Assuming without deciding that the NAACP failed to provide proper facilities or security for the meeting, we find no evidence from which a jury could reasonably infer Speed's injuries were the proximate result of that failure.

The Florence community had been wracked by random violence for two days prior to the attack on Speed. On appeal, Mrs. Speed concedes that no one with the NAACP incited, encouraged, or suggested attacks on passing motorists. To the contrary, the very purpose of the NAACP meeting was to try to find ways to stop the violence. None of Speed's assailants were identified as NAACP members or as participants in the meeting. In short, the evidence established no connection between the presence of the NAACP and the unfortunate assault on Speed.

Therefore, the trial court's judgment is

Affirmed.

BELL and GOOLSBY, JJ., concur.