SANDERS, C. J., and GOOLSBY, J., concur.

0905

Wallace SANDERS, as Guardian ad Litem for Curtis Sanders, Jr., a minor under the age of fourteen (14) years, Appellant v. David WRIGHT, Jr. and Gilbert Grant, d/b/a Dodge City, and Carolina Coca-Cola Bottling Company, Respondents.

(354 S. E. (2d) 411)

Court of Appeals

*John D. Delgado*, Columbia, *for appellant.*

*Heyward E. McDonald*, Columbia, *for respondents.*

Heard Feb. 19, 1987.

Decided March 16, 1987.

SHAW, Judge:

Appellant, Wallace Sanders, as Guardian ad Litem for Curtis Sanders, Jr., appeals from a directed verdict in his action for damages against respondents, David Wright, Jr. and Gilbert Grant, d/b/a Dodge City, and Carolina Coca-Cola Bottling Company. We reverse.

In ruling on a motion for a directed verdict, a trial court must view all evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Ringer v. Graham*, 286 S. C. 14, 331 S. E. (2d) 373 (Ct. App. 1985). The court must deny a defendant's motion if any of the evidence tends to prove the allegations of the complaint. *Ringer*, 331 S. E. (2d) at 376.

The testimony in this case, viewed in the light most favorable to Sanders, shows Curtis Sanders, age two, began vomiting almost immediately after drinking some Coca-Cola from a bottle. The bottle had just been opened by his aunt, Kitty Singleton. Nothing flew into the bottle after it was opened. The child had not been sick prior to drinking the Coca-Cola. After ingesting the Coca-Cola, the child was sick for a considerable period of time and visited the hospital

twice. An insect body and insect parts were found in the bottle.

In *Miller v. Atlantic Bottling Corp.*, 259 S. C. 278, 191 S. E. (2d) 518 (1972), the Supreme Court reversed a nonsuit on facts very similar to this case. The court wrote:

> There is testimony that plaintiff, in good health before, became nauseated immediately upon consuming the beverage. While in many instances expert medical evidence would be required to determine whether an illness resulted from a particular act, we do not think that a reasonable person would necessarily require medical testimony in order to determine that the drinking and discovery of a foreign substance ... in a bottled drink most probably caused the nausea and vomiting....

191 S. E. (2d) at 520. We hold the evidence, viewed in a light most favorable to Sanders, presented a question of fact which should have been submitted to a jury for resolution. Thus, the trial court erred in directing a verdict against Sanders.

Reversed.

GARDNER, and BELL, JJ., concur.