**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Mevers Kitchens and Baths, LLC, Respondent,

v.

Maryann Wagner and Stipp Contracting, LLC, Defendants,

Of whom Maryann Wagner is the Appellant.

Appellate Case No. 2013-002283

―――――――――――

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

―――――――――――

Unpublished Opinion No. 2015-UP-473
Heard April 14, 2015 – Filed October 7, 2015

―――――――――――

**AFFIRMED AS MODIFIED**

―――――――――――

Nancy Bloodgood and Lucy C. Sanders, both of Foster Law Firm, LLC, of Charleston, for Appellant.

W. Tracy Brown, of The Brown Law Firm, of Summerville, for Respondent.

―――――――――――

**PER CURIAM:** In this mechanic's lien action, Maryann Wagner (Wagner) argues the master erred in awarding judgment to Mevers Kitchens and Baths, LLC (Mevers Kitchens). Specifically, Wagner contends the master erred in (1) finding the cabinetry quote created a contract between Wagner and Mevers Kitchens; (2) finding Mevers Kitchens is a licensed contractor and thus can enforce its mechanic's lien; and (3) holding Mevers Kitchens is entitled to reasonable attorney's fees. We affirm as modified pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the master erred in finding the cabinetry quote created a contract between the parties, was unambiguous, and satisfied the statute of frauds: S.C. Code Ann. § 32-3-10 (2007) (codifying South Carolina's statute of frauds); *Butler Contracting, Inc. v. Court St., LLC*, 369 S.C. 121, 127, 631 S.E.2d 252, 255–56 (2006) ("A proceeding for the enforcement of a statutory lien, such as a mechanic's lien, is legal in nature. In an action at law, when a case is tried without a jury, the trial court's findings of fact will be upheld on appeal when they are reasonably supported by the evidence. Stated another way, the trial court's findings of fact will not be disturbed on appeal unless wholly unsupported by the evidence or unless it clearly appears the findings were influenced or controlled by an error of law." (citations omitted)); *Player v. Chandler*, 299 S.C. 101, 106, 382 S.E.2d 891, 895 (1989) (explaining that to satisfy the statute of frauds, "[t]he writing must reasonably identify the subject matter of the contract, sufficiently indicate a contract has been made between the parties, and state with reasonable certainty the essential terms of the agreement" (citation omitted)).

2.      As to whether the master erred in holding Mevers Kitchens is a licensed contractor and thus can enforce its mechanic's lien: S.C. Code Ann. § 40-59-410(B) (2011) ("The practice or offer to practice residential home building, residential specialty contracting, or home inspecting as defined in this chapter by an individual residential home builder, residential specialty contractor, or home inspector licensed or registered under this chapter through a firm offering residential building, residential specialty contracting, or home inspecting services to the public is authorized if: (1) *one or more of the corporate officers in the case of a corporation*, or one or more of the principal owners in the case of a firm, or one or more employees are designated as the resident licensee . . . and are licensed under the provisions of this chapter . . . ." (emphasis added)); *Ringer v. Graham*, 286 S.C. 14, 17 n.2, 331 S.E.2d 373, 375 n.2 (Ct. App. 1985) ("[Section 29-5-10 of the South Carolina Code] gives a mechanic's lien to persons who by agreement or with the consent of the owner perform labor upon or furnish materials in the

erection of a structure.  Such a lien is unaffected by the amount of the contract between the owner and the contractor.").

3.      We find Mevers Kitchens is entitled to $9,750 in attorney's fees.  *See* S.C. Code Ann. § 29-5-10(a) (2007) ("The costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorney's fee, may be recovered by the prevailing party.  The fee must be determined by the court in which the action is brought but the fee and the court costs may not exceed the amount of the lien.").

**AFFIRMED AS MODIFIED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**