22946

Rush L. BRADSHAW, Euel D. Jones, II, George W. Nickas, C. J. Siokos, Benjamin H. Whetstone, Don E. Golightly, and Virgil F. Linder, Jr., Appellants v. B. R. EWING and William F. Basham, Defendants, of whom B. R. Ewing is Respondent.

(376 S. E. (2d) 264)

Supreme Court

*George Hunter McMaster* and *Frank Barnwell McMaster*, Columbia, *for appellants.*

*Thomas E. McCutchen* and *Evans T. Barnette*, Columbia, and *Bruce Byrholdt*, Anderson, *for respondent.*

Heard Nov. 15, 1988.

Decided Jan. 23, 1989.

TOAL, Justice:

The partners of Dutchland Investments (Dutchland) brought this action to enforce an oral contract to convey real estate. The Honorable Frank P. McGowan directed a verdict for the defendant, Ewing, on Dutchland's causes of action for breach of contract, conversion, and breach of trust. Additionally, the trial judge granted a voluntary nonsuit to Dutchland on its cause of action against Ewing for unjust enrichment. At the same time, the judge granted a voluntary nonsuit to Ewing on its counterclaim against Dutchland for consequential damages allegedly suffered as a result of Dutchland's breach of the written contract. Dutchland appeals the directed verdict, voluntary nonsuit and the failure of the judge to realign the parties. We affirm the directed verdict for Ewing and affirm as modified the terms of the voluntary nonsuit.

## I. BACKGROUND

Dutchland contracted on September 1, 1976 to buy from Ewing three acres of land in Irmo, South Carolina. The

parties executed a written contract. The contract provided for a purchase price of $60,000, with a down payment of $13,000. The principal balance of $47,000 plus interest was due in five annual installments beginning in 1977 and ending in 1981.

Dutchland asserts that the written contract was orally modified on or about March, 1979. Dutchland claims that Linder, one of its partners, discussed the contract and its modifications with Ewing during a basketball tournament. Subsequently, Linder testified that he telephoned Ewing to modify the contract. The alleged modifications reduced the original acreage to be purchased from three to two, and proportionately reduced the purchase price from $60,000 to $40,000. Dutchland claimed that the consideration for the modification was that the partnership would pay the 1979 taxes and forgive whatever debt Ewing owed to Dutchland.

## A. *Statute of Frauds*

The Statute of Frauds, codified at S. C. Code Ann. § 32-3-10, requires in pertinent part, that a contract for the sale of land must be in writing. To remove an oral contract to convey real estate from the Statute of Frauds, Dutchland must show part performance of the oral contract. *Beckham v. Short*, 294 S. C. 415, 365 S. E. (2d) 42 (Ct. App. 1988). Performance may be proved by evidence of the following: (1) improvements to the real estate; (2) possession of the real estate; (3) payment of the purchase price. *Stackhouse v. Cook*, 271 S. C. 518, 248 S. E. (2d) 482 (1978). Actual possession and improvements to the property are the strongest evidence to show part performance. *Scurry v. Edwards*, 232 S. C. 53, 100 S. E. (2d) 812 (1957). Payment of the purchase price is the weakest evidence of part performance and will not suffice on its own to remove a contract from the Statute of Frauds. *McMillan v. McMillan*, 77 S. C. 511, 58 S. E. 431 (1907). In order to overcome the Statute of Frauds, Dutchland must establish the parol contract "by competent and satisfactory proof, such as is clear, definite and certain." *Aust v. Beard*, 230 S. C. 515, 96 S. E. (2d) 558 (1957).

Dutchland presented evidence that they had improved the real estate in the following ways: (1) a large ranch house was moved on to the property; (2) the property was partially cleared and graded: (3) trash was picked up; and (4) wood was cut.

The first two improvements claimed by Dutchland were made at the direction of a third party, Ms. Shealy, who temporarily stored her house on the property. For improvements to constitute part performance, they must be made by the purchaser with his own means and upon the faith of the vendor's promise. 73 Am. Jur. (2d) *Statute of Frauds* § 434 (1974). Since the house was moved on to the property and the property was graded at the direction of a third party, we hold that Ms. Shealy's actions may not be used by Dutchland to prove part performance. Dutchland, accordingly, may only rely on its evidence of cleaning trash off the property, and cutting wood.

We have previously held that in order for improvements to establish part performance, the improvements must be permanent or of such a character as to enhance substantially the value of the property. *Aust v. Beard*, 230 S. C. 515, 96 S. E. (2d) 558, 563 (1957). In *Aust*, the plaintiff presented evidence that they had removed some heavy undergrowth, planted some grass, and erected two large electric signs. There, we found that the plaintiff's evidence was not sufficient to establish improvements to the land. Likewise, Dutchland has not presented sufficient evidence to demonstrate that the improvements were permanent or such that they substantially enhanced the value of the land. Accordingly, we find that Dutchland cannot satisfy the first element of part performance.

Second, Dutchland claims that it performed several acts indicating possession. Evidence presented of possession was that Linder lobbied the Irmo City Council to extend a road through the property and directed that plats be created in order to sell the property. We hold that the evidence of possession was insufficient to establish part performance. Even though Linder lobbied the Irmo City Council to extend the road, he conceded that his efforts began prior to the alleged oral contract and were not solely on behalf of Dutchland. Even if we assume that the plats were developed in order to sell the property, Dutchland still has not proved part performance of the oral contract because the creation of the plats was consistent with the terms of the written contract.

Finally, Dutchland asserts that it paid the $40,000 pur-

chase price pursuant to the oral contract. However, on reviewing the record, we do not find any evidence that the $40,000 Dutchland paid clearly and unequivocally refers to the oral contract. *See, Scurry v. Edwards,* 232 S. C. 53, 100 S. E. (2d) 812 (1957).

Because Dutchland failed to prove any of the elements of part performance, we hold that the Statute of Frauds bars the enforcement of the oral contract. We, thus, affirm the lower court's directed verdict for Ewing.

### B. *Voluntary Nonsuit*

Judge McGowan granted Dutchland's request for a voluntary nonsuit for its unjust enrichment cause of action. Concurrently, the judge granted a nonsuit to Ewing for his counterclaim for damages. Judge McGowan ruled as follows:

> "The defendant, Ewing, now takes a voluntary nonsuit without prejudice as to his counterclaim with the restriction that it will not be reasserted unless the plaintiff's case is resubmitted for trial.
> The plaintiffs take a voluntary nonsuit without prejudice as to their cause of action for unjust enrichment with the restriction that it will not be reasserted unless or until defendant's counterclaim is reasserted."

Dutchland contends that the restrictions the judge placed upon the voluntary nonsuit were improper because he, in effect, dismissed the cause of action for unjust enrichment with prejudice.

South Carolina Rule of Civil Procedure 41(a)(2) provides in pertinent part:

> "... An action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

The granting or denial of a motion for a voluntary dismissal without prejudice is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. *Crout v. S. C. National Bank,* 278 S. C. 120, 293 S. E. (2d) 422 (1982).

We find that the trial judge abused his discretion by inextricably linking Dutchland and Ewing's nonsuits such that neither party could reassert their claim

until the other party did so. We, therefore, affirm the lower court's grant of voluntary nonsuits to both parties, but modify his order by removing all conditions placed thereon. Both parties, thus, are free to reassert their respective causes of action. By eliminating the restrictions on the nonsuits, we do not express any opinion on the merits of Dutchland's cause of action for unjust enrichment, especially in light of Ewing's counterclaim for consequential damages and the considerable amount of time which has elapsed since Dutchland paid Ewing approximately $40,000.

### C. *Basham as Plaintiff*

Dutchland attempted to realign Basham, a codefendant, as a plaintiff on the first day of trial. The lower court refused to allow Dutchland to realign Basham as a plaintiff. Since we have affirmed the directed verdict for Ewing, it is unnecessary to consider whether Basham should have been realigned as a plaintiff. Dutchland may add Basham as a plaintiff when and if it reasserts its cause of action for unjust enrichment.