### 23050

William D. PLAYER And Robert I. Player, Appellants

v. William A. CHANDLER and Anne W. Chandler, Respondents.

(382 S. E. (2d) 891)

Supreme Court

*John Pyatt Grimes, Charles Owen Nation, II* of *McNair Law Firm, P.A.*, Georgetown, and *Stephen A. Spitz*, Columbia, *for appellants.*

*Howell V. Bellamy, Jr., Preston B. Haines, III*, and *Kathryn M. Cook* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.*, Myrtle Beach, *for respondents.*

Heard Jan. 11, 1989.

Decided July 31, 1989.

FINNEY, Justice:

This is an appeal from a circuit court order declining to modify a written lease agreement. The lessees, appellants

William Player and Robert Player, brought an action against the lessors, respondents William A. Chandler and Anne W. Chandler, seeking specific performance of alleged oral modifications or, in the alternative, the remedies of restitution or quantum meruit. The trial court found that the lessees were not entitled to any recovery. We affirm.

In 1980 the appellants and the respondents entered into a written lease agreement on real property for an initial term of ten years, with an option for three five year extensions. Thereafter, the appellants constructed the Ghost Ship I Restaurant on the property. On February 5, 1985, Appellant J. H. "Cotton" Player contacted respondent William A. Chandler by telephone attempting to purchase the property. Chandler declined to sell but indicated he might be interested in extending the lease. Shortly afterward appellants began construction on a second restaurant, the Ghost Ship II. On February 27, 1985, respondents informed the appellants that the lease would not be extended unless additional terms and conditions were accepted.

Subsequently, appellants commenced an action in equity for specific performance of an oral agreement, assumpsit on quantum meruit, restitution and breach of an implied contract. The trial court ruled that no oral agreement existed; that even if an agreement did exist, it was not enforceable, and the appellants were not entitled to restitution nor any recovery under the theory of quantum meruit. The appellants appeal on the grounds that there was an enforceable oral agreement; that even if there was no agreement, they are still entitled to monetary relief. The respondents assert that no agreement was reached, and that the appellants are not entitled to any recovery.

It is the substance of the February 5th telephone conversation and the events of the ensuing days which form the basis of the following questions presented to this Court. 1) Was there an oral agreement; and if there was such an agreement, is it enforceable; and 2) If there was no agreement, are the appellants still entitled to monetary relief?

Contract for extension or renewal of lease must specify conditions of renewal with certainty. *Anderson v. Hall*, 155 S. C. 320, 152 S. E. 521 (1930). Any modification of written contract must satisfy all requisites of valid contract. *Bishop Realty and Rentals, Inc. v. Perk, Inc.*, 292

S. C. 182, 355 S. E. (2d) 298 (S. C. App. 1987), *cert. denied*, 293 S. C. 538, 362 S. E. (2d) 26 (1987). South Carolina common law requires that, in order to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement. *Hughes v. Edwards*, 265 S. C. 529, 220 S. E. (2d) 231 (1975). The *essential terms and conditions of a lease agreement include a definite agreement as to the extent and boundary of the property to be leased, the term of the lease, the rental as well as the time and manner of payment.* This "meeting of minds" required to make a contract is not based on secret purpose or intention on the part of one of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on purpose and intention which has been made known or which, from all the circumstances, should be known. *McClintock v. Skelly Oil Co.*, 232 Mo. App. 1204, 114 S. W. (2d) 181 (Mo. Ap. 1938). The record before us evinces no meeting of the minds between William A. Chandler and William D. Player during their February 5, 1985, telephone conversation. There is no indication that essential terms were discussed, and the mere referral to the original lease is not sufficient.

Assuming that an agreement had been reached during the February 5th telephone conversation, such a lease modification would be outside the Statute of Frauds. Any contract for an interest in land or any agreement that is not to be performed within one year must be in writing and signed by the party against whom it is seeking to be enforced. South Carolina Code Ann. § 32-3-10(4). Failure to put such a contract in writing renders it void. South Carolina Code Ann. § 27-35-20 (1976). Moreover, a contract required to be in writing by the South Carolina Statute of Frauds cannot be orally modified. *Windham v. Honeycutt*, 279 S. C. 109, 302 S. E. (2d) 856 (1983) (court held evidence of oral modification of the real estate contract as violative of the Statute of Frauds).

Appellants assert three exceptions to the Statute of Frauds. First, appellants assert part performance as an exception. In order for part performance of an oral agreement to remove the agreement from operation of the Statute of Frauds and permit specific performance, the appellants must establish acts which relate clearly and un-

equivocally.to the agreement, exclusive of any other relation between parties touching such agreement. *Aust v. Beard*, 230 S. C. 515, 96 S. E. (2d) 558 (1957); *Gibson v. Hrysikos*, 293 S. C. 8, 358 S. E. (2d) 173 (S. C. App. 1987). According to the terms of the 1980 lease, appellants were entitled to make improvements to the leased property as they desired. Thus, the construction of the Ghost Ship II does not relate clearly to the oral agreement exclusive of the original lease agreement.

Second, appellants assert that equitable estoppel takes the oral agreement out of the operation of the Statute of Frauds. In order to overcome statutory requirements that an agreement be in writing, the party asserting estoppel must show that he suffered a definite, substantive, detrimental change of position in reliance on such agreement and that no remedy except enforcement of the bargain is adequate to restore his former position.

The appellants fail to show any definite, substantial and detrimental change of position in reliance upon any oral agreement. Exercise of the full extension options under the lease would allow appellants to have the benefit of any improvements for an additional fifteen years beyond the initial lease term. The record reveals no substantive detrimental change in appellants' position sufficient to estop enforcement of the requirements of the Statute of Frauds. *Atlantic Wholesale Co., Inc. v. Solondz*, 283 S. C. 36, 320 S. E. (2d) 720 (S. C. App. 1984); 73 Am. Jur. (2d) *Statute of Frauds*, § 278 (1974).

Third, appellants assert that Exhibits Numbers 3 and 4 satisfy the memorandum requirement of the Statute of Frauds. A writing prepared by a party to a contract or by his agent may constitute a memorandum sufficient to satisfy the Statute of Frauds, although not delivered to the other contracting party and was neither intended for nor known to him, provided it is intended to evidence the contract of the parties and its contents are disclosed for that purpose. *Smith v. McClam*, 289 S. C. 452, 346 S. E. (2d) 720 (1986). The writing must reasonably identify the subject matter of the contract, sufficiently indicate a contract has been made between the parties, and state with reasonable certainty the essential terms of the agreement. Restatement (Second) of Contracts, § 131 (1981). Ex-

hibit No. 3 is a letter to the respondents, written by Attorney C. C. Grimes, discussing the proposed amendments which he enclosed. Exhibit No. 3 does not indicate that an agreement had been reached and supports respondents' contention that negotiations were not complete.

Exhibit No. 4 is a letter written by respondent William A. Chandler to Mr. Grimes wherein he states that the terms of the proposed amendments were not acceptable. We hold that these exhibits are insufficient to constitute a written memorandum of agreement under the Statute of Frauds.

Finally, appellants contend that if they cannot recover under contract, they are due monetary relief for restitution or under the theory of quantum meruit. In order to recover under these causes of action, it must be shown that a party was enriched by the unjust retention of a benefit to the loss of another. 66 Am. Jur. (2d), *Restitution* and *Implied Contracts*, §3 (1973). In this case, improvements to the premises were contemplated by the original lease. Furthermore, the appellants hold the right to benefit from any improvements during the term and under the provisions of the lease. According to the record, construction of the second restaurant was commenced one day after the February 5, 1985, telephone conversation and while the original lease was still in effect. The appellants were notified within three weeks of the February 5th telephone conversation that the lease would not be extended unless an agreement was reached on certain additional terms and conditions. This Court concludes that the record fails to establish the unjust enrichment of the respondents to the exclusion of appellants' benefit and that the retention of any benefit by the respondents is a result of the initial lease.

We hold that the record in this case does not support the existence of an enforceable oral agreement which would compel specific performance by the respondents. We further find that the record falls short of showing the appellants' entitlement to monetary damages under the theories of restitution or quantum meruit. Therefore, the decision of the trial court is affirmed.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER, and TOAL, JJ., concur.