THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Patricia Brenda Kiser, Appellant,
v.
Charleston Lodge No. 242, Charleston South Carolina Of The Benevolent 
 and Protective Order of Elks, Respondent.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-630
Submitted October 1, 2004  Filed December 
 14, 2004

AFFIRMED

 
 
 
Chalmers Carey Johnson, 
 of Charleston, for Appellant.
Matthew H. Henrikson and Mary H. Abel, both of Greenville, for Respondent.
 
 
 

PER CURIAM: Patricia Brenda Kiser appeals from the trial courts grant 
 of summary judgment to the Charleston Lodge No. 242 of the Benevolent and Protective 
 Order of the Elks (the Elks) on her breach of contract claim.  We affirm.1  

FACTS
The Elks is a private club, which offers community and social events to its 
 members and guests.  After the Elks changed its policy and began to allow women 
 into its membership, several members of the Elks encouraged Kiser to apply for 
 membership.  The application process for the Elks involves a sponsor member 
 proposing the applicant and ensuring the applicant completes the application.  
 The sponsoring member gives the application to the lodge secretary who reads 
 it before the lodge at a regular session.  The investigating committee then 
 reviews the application, conducts an investigation of the applicant, and interviews 
 the applicant.  After completing this process, the investigating committee returns 
 the application to the secretary with a favorable or unfavorable report.  If 
 the report is favorable, the secretary arranges for the publication of the applicants 
 name in the monthly newsletter with the date on which the applicant is to be 
 voted on for membership.  At the membership vote, the applicant must receive 
 no less than two-thirds yes votes.  If the applicant fails to receive the 
 required votes, the applicants initiation fee and dues are returned and the 
 applicant must wait six months before being voted on again.  
Kiser completed the application process and received a favorable report from 
 the investigating committee.  However, she failed to receive the required two-thirds 
 vote to be accepted for membership.  After a request from the secretary of the 
 Elks, the Grand Exalted Ruler issued an executive order waiving the six-month 
 waiting period, allowing Kiser and another applicant to be voted on again.  
 At the second balloting, Kiser again did not receive the required votes for 
 membership.  
In March of 2002, Kiser filed a breach of contract action 
 in circuit court claiming the Elks made an offer of membership to her by stating 
 the steps for application and membership.  Kiser claimed she accepted this offer 
 by complying with the required steps in the application process.  She asserted 
 the Elks breached this contract by denying her membership based on her sex.  
 The Elks answered, denying the existence of a contract.  
Kiser served discovery requests to the Elks on June 7, 2002.  
 On June 19, the Elks filed a motion for summary judgment.  On June 28, the Elks 
 attorney requested a thirty-day extension for serving discovery responses, explaining 
 he had just received the requests, which had been mailed to his old firms address.  
 Kiser granted the request.  The Elks served its responses to Kisers discovery 
 requests, which contained objections to some requests, on September 10, 2002.  
 On September 20, the court issued an order denying the Elks motion for summary 
 judgment based on Kisers request for additional time to obtain discovery.  
 The court granted leave for the Elks to renew its motion for summary judgment. 
  On March 31, 2003, Kiser filed a motion to compel discovery of some of her 
 interrogatories and requests for production.  Subsequently, the Elks filed a 
 motion for summary judgment.  
Both motions were heard at the same hearing.  The court first 
 considered Kisers motion to compel.  The court denied her requests to obtain 
 the names of other women who had applied for membership and not received the 
 requisite number of votes and the names of members who either voted on Kiser 
 or were members when Kiser came up for vote.  The court, however, did require 
 the Elks to produce its membership list, which the Elks had previously offered 
 to Kiser.  The court then considered the Elks motion for summary judgment.  
 After hearing the parties arguments, the court granted the Elks motion for 
 summary judgment based on a finding that as a matter of law no contract existed 
 between the parties.  The courts written order only addressed the grant of 
 summary judgment.  It did not mention the motion to compel.  This appeal followed. 

STANDARD OF REVIEW
Summary judgment is appropriate when there is no genuine issue as to any material 
 fact and the moving party is entitled to judgment as a matter of law.  Osborne 
 v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).  The evidence and all 
 reasonable inferences therefrom must be viewed in the light most favorable to 
 the non-moving party.  Id.  It is well established that summary judgment 
 should be granted . . . in cases in which plain, palpable and indisputable 
 facts exist on which reasonable minds cannot differ.  Anders v. S.C. Farm 
 Bureau Mut. Ins. Co., 307 S.C. 371, 373, 415 S.E.2d 406, 407 (Ct. App. 1992) 
 (quoting Main v. Corley, 281 S.C. 525, 526, 316 S.E.2d 406, 407 (1984)); 
 see Bloom v. Ravoira, 339 S.C. 417, 425, 529 S.E.2d 710, 714 (2000) 
 (stating where a verdict is not reasonably possible under the facts presented, 
 summary judgment is proper).
LAW/ANALYSIS
 I.                 
Prematurity of motion for summary judgment 
 
Kiser argues that she did not have a full and fair 
 opportunity to complete discovery because she was denied the opportunity to 
 obtain the membership list she requested, and that was required pursuant, to 
 her motion to compel.  We disagree.
Summary judgment is a drastic remedy and must not be 
 granted until the opposing party has had a full and fair opportunity to complete 
 discovery.  Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 112, 410 
 S.E.2d 537, 543 (1991).  However, the nonmoving party must demonstrate the likelihood 
 that further discovery will uncover additional relevant evidence and that the 
 party is not merely engaged in a fishing expedition.  Id.  at 112, 
 410 S.E.2d at 544.  See Dawkins v. Fields, 354 S.C. 58, 71, 580 
 S.E.2d 433, 439-40 (2003) (rejecting the plaintiffs argument that summary judgment 
 was premature because they did not have a full and fair opportunity for discovery 
 by holding further discovery was unlikely to create any genuine issue of material 
 fact); Bayle v. S.C. Dept of Transp., 344 S.C. 115, 128-29, 542 
 S.E.2d 736, 743 (Ct. App. 2001) (stating it was not error to grant summary judgment 
 because no further discovery would have contributed to the resolution of the 
 case).

We thus must determine whether the additional evidence 
 sought by Kiser was relevant to her breach of contract claim.  Kiser argues 
 on appeal that having the list of names of the current members was relevant 
 in proving her claim, but she fails to explain in her brief how the membership 
 list is relevant to proving she had a contract with the Elks or that it was 
 breached.  
To establish a contract, Kiser must prove three elements:  
 an offer, acceptance, and consideration.  Sauner v. Pub. Serv. Auth. of S.C., 
 354 S.C. 397, 405, 581 S.E.2d 161, 166 (2003).  In order to have a valid and 
 enforceable contract, there must be a meeting of the minds between the parties 
 with regard to all essential and material terms of the agreement.  Player 
 v. Chandler, 299 S.C. 101, 105, 382 S.E.2d 891, 893 (1989).  The meeting 
 of minds required to make a contract is not based on secret purpose or intention 
 on the part of one of the parties, stored away in his mind and not brought to 
 the attention of the other party, but must be based on purpose and intention 
 which has been made known or which, from all the circumstances, should be known.  
 Id.  at 105, 382 S.E.2d at 894.  Without the actual agreement of the 
 parties, there is no contract, express or implied.  Stanley Smith & Sons 
 v. Limestone College, 283 S.C. 430, 433, 322 S.E.2d 474, 477 (Ct. App. 1984).  

As the trial court noted, Kiser admitted she was only 
 invited to apply for membership and undergo the voting process.  She acknowledged 
 that she knew when she went through the process there was a chance she would 
 be rejected by the voting membership and that no one guaranteed that simply 
 by applying she would become a member.  The trial court held, The [Elks] never 
 expressly or impliedly manifested an assent to the most essential and material 
 term, i.e., [Kisers] Lodge membership as the result of a membership vote. . 
 . . [N]either the [Elks] words nor the application circumstances indicated 
 [Kiser] and the [Elks] had the necessary meeting of the minds to form a contract.   

In our examination, the record does not indicate, and 
 Kiser has not provided evidence to suggest otherwise, that the membership list 
 is relevant to establish the existence of an offer, acceptance, or consideration 
 or that a meeting of the minds occurred.  When a party fails to establish 
 the existence of an element essential to the partys case upon which that party 
 will bear the burden of proof at trial, there can be no genuine issue as to 
 any material fact since a complete failure of proof concerning an essential 
 element of the nonmoving partys case necessarily renders all other facts immaterial.  
 Baughman, 306 S.C. at 116, 410 S.E.2d at 546.  Thus, as Kiser has failed 
 to demonstrate that further discovery will likely uncover additional evidence 
 relevant to her breach of contract claim, we find the trial court did not err 
 in granting the Elks summary judgment. 
 II.              
Grant of summary judgment following the grant of a motion to compel 
 
Kiser argues that the trial court erred in granting 
 the Elks motion for summary judgment immediately after granting Kisers motion 
 to compel.  Although at the hearing Kiser argued the motion was not ripe because 
 adequate discovery had not been completed, she did not specifically argue the 
 trial court should not grant the motion because it had just granted her the 
 right to further discovery.  She furthermore failed to raise this argument in 
 a Rule 59, SCRCP, motion when the order granting summary judgment did not even 
 address the motion to compel.  Accordingly, we find this argument not preserved 
 for our review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 
 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for 
 the first time on appeal, but must have been raised to and ruled upon by the 
 trial judge to be preserved for appellate review.); Noisette v. Ismail, 
 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding issue was not preserved 
 for appellate review where the trial judge did not explicitly rule on the appellants 
 argument and the appellant made no Rule 59(e) motion to alter or amend the judgment).  

CONCLUSION
Based on our findings, the trial court did 
 not err in granting summary judgment to the Elks on Kisers breach of contract 
 claim. Accordingly, the decision of the trial court is 
AFFIRMED.       
HEARN, C.J., and HUFF and KITTREDGE, JJ., concur. 
 

 
 1We decide this case without oral argument pursuant 
 to Rule 215, SCACR.