THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mehujael
 Romero, Respondent,
 
 
 

v.

 
 
 
 Sylvester White
 and Christina White, Defendants,
 Of Whom
 Sylvester White is the Appellant.
 
 
 

Appeal From Beaufort County
  Curtis L. Coltrane, Master-in-Equity

Unpublished Opinion No. 2008-UP-055
Heard December 11, 1007  Filed January
 14, 2008

REVERSED

 
 
 
 Douglas W. MacNeille, of Hilton Head Island, for Appellant.
 Terry L. Finger, of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM:  Sylvester
 White appeals the master-in-equitys order granting specific performance to Mehujael
 Romero for the conveyance of a parcel of land located in Hilton Head Island, South Carolina.[1]  We reverse.
FACTS AND PROCEDURAL HISTORY
In
 1995, White and his wife acquired a one acre parcel of land designated as 70 Gum Tree Road (Gum Tree Lot), Hilton Head Island, South Carolina from Whites father.[2] 
 White never lived on the property, but stated his intention was for his
 children to inherit the property.  The surrounding land is still owned by
 members of Whites family.  
White
 first met Armando Garcia Uriostegi (Garcia), sometime in 1996 or 1997, when
 Garcia began renting a house next door to Whites.  According to White, shortly
 after meeting Garcia, the two discussed placing a trailer on the Gum Tree Lot. 
 Eventually, Garcia moved a trailer onto a quarter portion of the Gum Tree Lot.[3]  
Shortly
 after Garcia and his family moved onto the lot, White prepared a lease
 agreement[4] in which Garcia agreed to pay rent of $200 a month
 during a two year lease which commenced on September 3, 1999. According
 to White, the two had an informal agreement to extend the lease until 2004
 because Garcia was about to be incarcerated and wanted to make sure his family
 had a place to live.  Consequently, White stated he accepted a total of $15,000
 from Garcia for rent throughout the extended tenancy.  White also stated that
 at Garcias request he provided Garcia with a receipt for the total amount of
 rent paid.  The writing White contends is the receipt states, [White] on
 10/10/00 received 15,000 from Garcia for payment for lot on Gum Tree R[oa]d.[5] 
 However, Romero contends the same document is a receipt for the sale of the Gum
 Tree Lot.[6]  
Romero brought suit seeking to enforce the alleged contract to
 convey real estate and specific performance for the conveyance of the Gum Tree
 Lot.  The assistance of a translator was required at trial since Romero does
 not speak English.  During the trial,
 Romero testified that at the time of the alleged oral agreement for the
 purchase of the Gum Tree Lot, she was present on the property but was not
 walking the property with Garcia and White when they set the boundary lines.  Due to this separation, Romero could not
 testify as to the size of the lot or the boundary lines.  Romero also testified
 her husband paid White $15,000 for the property and she knew this because
 before [she and her husband paid] rent and then when they did the deal, that
 is when her husband told her he bought the property. Upon this answer, defense
 counsel objected on the grounds of hearsay and the master struck Romeros
 response insofar as the information told to Romero by her husband. 
After the bench trial concluded, the
 master ordered White to convey Romero the entire Gum Tree Lot.  Specifically,
 the master found the existence of an oral agreement for the sale of real estate
 and the writing indicating Whites receipt of $15,000 was sufficient to satisfy
 the Statute of Frauds, and, if not, there was sufficient part performance to
 remove the claim from the Statute of Frauds. This appeal followed.  
STANDARD OF REVIEW
In an action in
 equity tried by the judge alone, on appeal the appellate court has jurisdiction
 to find facts in accordance with its views of the preponderance of the
 evidence.  Grosshuesch v. Cramer, 367 S.C. 1, 4, 623 S.E.2d 833, 834 (2005); Campbell v. Carr, 361 S.C. 258, 263, 603 S.E.2d 625, 627 (Ct.
 App. 2004).  Thus, an appellate court in an appeal of an equity case tried
 without a jury may find facts in accord with its view of the preponderance or
 greater weight of the evidence and may reverse a factual finding by the trial
 judge in such cases where the appellant satisfies this court that the finding
 is against the preponderance of the evidence.  Campbell, 361 S.C. at
 263, 603 S.E.2d at 627.  This broad scope of review does not require the
 appellate court to disregard the findings of the trial court. Dearybury v.
 Dearybury, 351 S.C. 278, 283, 569 S.E.2d 367, 369 (2002).  Nor is the
 appellate court required to ignore the fact that the trial judge, who saw and
 heard the witnesses, is in a better position to evaluate their credibility.  Ingram
 v. Kaseys Assocs., 340 S.C. 98, 105, 531 S.E.2d 287, 291 (2000).
LAW/ANALYSIS
I. Statute of Frauds
White argues the Statute of Frauds bars the
 enforcement of the alleged oral agreement. Specifically, White contends no
 sufficient writing exists memorializing the alleged oral agreement.  We agree.  
 
The
 Statute of Frauds requires that a contract for the sale of land must be in
 writing and signed by the party against whom enforcement is sought.  S.C. Code
 Ann. §32-3-10(4) (2006).  Failure to put such a contract in writing renders it
 void.  Player v. Chandler, 299 S.C. 101, 105, 382 S.E.2d 891, 894
 (1989).  A writing sufficient to remove an oral agreement from the Statute of
 Frauds must reasonably identify the subject matter of the contract,
 sufficiently indicate a contract has been made between the parties, and state
 with reasonable certainty the essential terms of the agreement. Id. (citing Restatement (Second) of Contracts, § 131 (1981)).  Every essential
 element must be expressed in the writing for the contract to meet the Statute
 of Frauds. Cash v. Maddox, 265 S.C. 480, 484, 220 S.E.2d 121, 122
 (1975).  
The
 Statute of Frauds does not require any particular form of writing however, the
 writings must establish the essential terms of the contract without resort to
 parol evidence.  Id.  The identification of the land to be sold is one
 of the essential terms of a contract for sale of real property.  Id.  Although parol evidence may be used to explain terms appearing in a description
 of land, the description itself must clearly identify the particular parcel of
 land. Id.  If a description of the land does not include the location
 or boundaries, it is inadequate. Fici v. Koon, 372 S.C. 341, 346-47, 642
 S.E.2d 602, 604-605 (2007). Where there is no adequate description of which
 part of a parcel is to be conveyed, the conveyance is unenforceable. Id. at 347, 642 S.E.2d at 605. 
 
In Fici Buyer brought an action for specific performance of a contract for the sale of
 thirty acres of land.  The contract lists the property to be sold as lot 2,
 Polock Road, tax map #052000102 in Irmo, Richland County, but this
 description refers to the entire fifty acre parcel owned by Sellers. Id.  at 343, 642 S.E.2d at 603.  The contract specifies that the property conveyed
 will have at least thirty acres and purchaser and seller will agree on
 location of property lines but Buyer and Sellers never agreed on the
 dimensions or location of the thirty acres among the entire fifty acre parcel.[7] Id.  The South Carolina Supreme Court found the description did not
 show with reasonable certainty which thirty acres of the entire fifty acre
 parcel was to be conveyed.  Instead the supreme court found the contract was
 nothing more than an agreement to agree which is unenforceable under the
 Statute of Frauds. Id. at 347, 642 S.E.2d at 605.  
In
 regard to the necessary burden of proving an oral contract the supreme court
 has said, [w]e are not concerned primarily with the quantity of the evidence
 offered to establish the oral contract,[r]ather we are concerned more with the
 quality of the evidence. Parr v. Parr, 268 S.C. 58, 65, 231 S.E.2d 695,
 698 (1977).  Clear, specific, definite evidence must convincingly prove the
 existence of the contract. Id.  Romero must establish the contract by
 competent and satisfactory proof, such as is clear, definite, and certain. Cash
 v. Maddox, 265 S.C. 480, 484, 220 S.E.2d 121, 122 (1975) (citing Aust v.
 Beard, 230 S.C. 515, 521, 96 S.E.2d 558, 561 (1957)).
In the case sub judice, the writing Romero relies upon to enforce the alleged oral
 agreement to convey real property is insufficient.  Although it is signed by
 White, the writing is unclear as to whether White intended to sell or rent the
 Gum Tree Lot to Garcia.  The master found Whites testimony on the matter
 lacked credibility because White pled guilty to possession of cocaine, a crime
 of moral turpitude.  Even if Whites testimony was discounted, we are still
 left with a nebulous writing which fails to specify whether it is referring to the entire Gum Tree Lot or only the
 one quarter portion Garcia rented in the past.  The writing also fails to
 identify the boundaries or state the size of the Gum Tree Lot.  Accordingly, we find there is no sufficient writing
 that satisfies the requirements of the Statute of Frauds.  
II. Existence of an Oral
 Agreement and 
Part Performance Exception to the Statute of Frauds
White
 argues the master erred in concluding the part performance exception to the
 Statute of Frauds was satisfied.  White maintains the only evidence of an oral
 agreement is Romeros inadmissible hearsay statement.   We agree. 
In
 order for part performance of an oral agreement to remove the agreement from
 the Statute of Frauds and permit specific performance, Romero must establish
 acts that relate clearly to the agreement, exclusive of any other relation
 between the parties touching the agreement. Player v. Chandler, 299 S.C.
 101, 105-106, 382 S.E.2d 891, 894 (1989).  Part performance may be proved by
 evidence of the following: (1) improvements to the real estate; (2) possession
 of the real estate; (3) payment of the purchase price. Bradshaw v. Ewing, 297 S.C. 242, 245, 376 S.E.2d 264, 266 (1989).  For improvements to constitute
 part performance, they must be made by the purchaser with his own means upon
 the faith of the sellers promise. Id. at 246, 376 S.E.2d at 266.  Such
 improvements must also be permanent and of such a character as to enhance
 substantially the value of the property. Id. at 246, 376 S.E.2d at 267.
 Payment of the purchase price is the weakest evidence of part performance and
 is not sufficient on its own to remove a contract from the Statute of Frauds. Id.  
 
Romero
 was not able to establish acts clearly relating to the alleged agreement for
 sale of the property that did not involve the parties prior rental agreement. 
 Much of Romeros testimony regarding the terms of the oral contract was found
 to be hearsay because she was not present when the terms of any oral contract
 were being discussed.  Hearsay is a statement, other than one made by the
 declarant while testifying at the trial or hearing, offered in evidence to
 prove the truth of the matter asserted.  Rule 801(c), SCRE.  Hearsay is
 generally inadmissible. Rule 802, SCRE.  
Romero
 testified she was present on the property, but she was not walking with them
 as the alleged contract was discussed between White and Garcia. In addition,
 Romero does not speak or understand English whereas White and Garcia discussed
 the alleged oral contract in English. Romero also testified Garcia purchased
 the property from White because before they [paid] rent and then when they did
 the deal that is when her husband told her he bought the property. White
 objected to this statement and the master struck the hearsay testimony insofar
 as what her husband said.  
Besides
 Romeros stricken testimony, the record is devoid of any other evidence
 establishing a clear, unequivocal agreement for the sale of the Gum Tree Lot. 
 Romero also failed to provide evidence of part performance.  The only evidence
 of a permanent improvement to the Gum Tree Lot is the installation of a septic
 tank, initiated by White.  Neither Romero nor Garcia made any improvement to
 any portion of the Gum Tree Lot.  As to possession of the real property, Romero
 testified she and her family only rented a quarter of the lot prior to the
 alleged oral agreement for the sale of the land. Neither Romero nor Garcia paid
 property taxes for the Gum Tree Lot. Romero also testified the receipt was for
 the purchase of the Gum Tree Lot, but White testified it was for rental
 payments on a quarter portion of the lot. Even if we assume the $15,000 was for
 the purchase of the Gum Tree Lot, payment alone is not sufficient to remove the
 oral contract form the Statute of Frauds. Bradshaw, 297 S.C. at 245, 376
 S.E.2d at 266. Instead, there would need to be some other evidence exclusive of
 any prior lessor/lessee relationship between the parties. Player, 299
 S.C. at 105-106, 382 S.E.2d at 894.      
We
 find Romero failed to establish any clear, definite, and convincing evidence
 regarding the existence of an oral agreement between the parties.  In the
 absence of an oral agreement and without evidence upon which part performance
 could be found to support[8] a grant of specific performance, we must find the part performance exception to
 the Statute of Frauds does not apply.
Because
 we find no oral agreement, we need not address Whites remaining argument.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining
 issues when its determination of a prior issue is dispositive of the appeal).
CONCLUSION
For the foregoing reasons, we find there is not an oral agreement
 to purchase the Gum Tree Lot.  Accordingly the decision of the master is
REVERSED. 
HEARN, C.J.,
 KITTREDGE and THOMAS, JJ., concur.

[1] The answer filed in this action purports to be filed
 on behalf of Sylvester White and his wife, Christina.  However, Christina White
 was adjudged to be in default.  The two separated sometime in 1999.  
[2] Whites deposition was taken de bene esse for use at trial pursuant to Rule 30, SCRCP.  At the time of the deposition,
 White was incarcerated for cocaine related charges to which he had pled
 guilty.  The master found Whites testimony lacked credibility because White
 pled guilty to possession of cocaine, a crime of moral turpitude.  
[3] White stated he planned on dividing the one acre lot
 into four parcels as rentals.  
[4] The lease refers to Lot One, not a quarter portion of
 the Gum Tree Lot.  Garcia and Mehujael Romero, his wife, lived on the Gum Tree
 Lot until Garcia was incarcerated, and then Romero remained on the property
 with their children. 
[5] According to White, this receipt was for late and
 future rent for the quarter of the Gum Tree Lot on which the trailer was
 located. 
[6] Garcia signed over all of his interests in his
 property to Romero.  
[7] A surveyor drew up two versions of a plat denoting
 the proposed property lines of the thirty acres.  Buyer signed the second plat
 but Sellers never agreed to the property lines on either plat.
[8] For a court of equity to compel specific performance
 of an oral agreement where part performance is alleged to have removed the
 contract from the Statute of Frauds, the court must find: (1) clear evidence
 of an oral agreement; (2) the agreement had been partially executed; and (3)
 the party who requested performance had completed or was willing to complete
 his part of the oral agreement. Settlemeyer v. McCluney, 359 S.C. 317,
 320, 596 S.E.2d 514, 516 (Ct. App. 2004).