THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Case No.
 2006-CP-23-1718
 James Carter, Appellant,
 v.
 Margaret M.
 McFadyen, Respondent,
 
 Case No.
 2006-CP-23-1989
 John Gregory
 Askew, Plaintiff,
 v.
 Margaret M.
 McFadyen and James Carter, Defendant.
 
 
 

Appeal From Greenville County
 Charles B. Simmons, Jr., Master-in-Equity

Unpublished Opinion No. 2009-UP-128
 Submitted March 2, 2009  Filed March 5,
2009    

AFFIRMED

 
 
 
 Thomas Elihue Dudley, III, of Greenville, for Appellant.
 Stanley E. Mcleod, of Greenville, for Respondent.
 
 
 

PER CURIAM: James
 Carter appeals the master-in-equitys grant of summary judgment, arguing
 evidence existed establishing there was a valid, enforceable contract for the sale
 of real property.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: Helms Realty Inc. v. Gibson-Wall Co., 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005)
 (explaining pursuant to Rule 56(c), SCRCP, summary judgment is proper when
 there is no genuine issue as to any material fact and the moving party is
 entitled to judgment as a matter of law); Willis v. Wu., 362 S.C. 146,
 151, 607 S.E.2d 63, 65 (2004) (stating on appeal from an order granting summary
 judgment, the appellate court will review all ambiguities, conclusions, and
 inferences arising in and from the evidence in a light most favorable to the
 non-moving party below); S.C. Code Ann. §
 32-3-10(4) (2007) (stating any contract for an interest in land must be in
 writing and signed by the party against whom enforcement is sought); Player
 v. Chandler, 299 S.C. 101, 106, 382 S.E.2d 891, 894 (1989) (holding failure
 to put contract for the sale of land in writing renders it void, unless an
 exception applies).
AFFIRMED.  
SHORT, THOMAS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.