**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Thomas Oswald General Carpentry & Builders, LLC,
Respondent,

v.

Kathleen B. McEvoy and William H. Campbell,
Appellants.

Appellate Case No. 2011-189986

———————————

Appeal From Fairfield County
R. Lawton McIntosh, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-544
Heard September 13, 2012 – Filed October 3, 2012

———————————

**AFFIRMED**

———————————

Edward M. Woodward, Jr., of Woodward Cothran &
Herndon, of Columbia, for Appellants.

E. Crosby Lewis, of Winnsboro, and Thomas Jefferson
Goodwyn, Jr., of Columbia, for Respondent.

———————————

**PER CURIAM:**  In this appeal from a jury verdict awarding Respondent
$36,009.76 in actual damages for breach of contract, Appellants argue the trial

court erred by denying their motions for directed verdict and judgment notwithstanding the verdict (JNOV) because there was no evidence of a subsequent oral modification to the parties' written contract.  We find no error of law in the trial court's ruling and evidence exists to support the decision to deny Appellants' motions.   Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Campbell v. Robinson*, 398 S.C. 12, 19, 726 S.E.2d 221, 225 (Ct. App. 2012) (providing an appellate court will reverse the trial court's ruling denying motions for directed verdict and JNOV only when there is no evidence to support the ruling or when the ruling is controlled by an error of law (citation omitted)); *ESA Servs., LLC v. S.C. Dep't of Revenue,* 392 S.C. 11, 23, 707 S.E.2d 431, 438 (Ct. App. 2011) (providing the parties to a written contract may orally modify the contract, even if the writing itself prohibits oral modification (citation omitted)); *id.* ("Any modification of a written contract must satisfy all fundamental elements of a valid contract in order for it to be enforceable, including a meeting of the minds between the parties with regard to all essential terms of the agreement." (citing *Player v. Chandler*, 299 S.C. 101, 104-05, 382 S.E.2d 891, 893 (1989))).

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**