**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Linda Johnson, as Personal Representative of the Estate of Inez Roberts, Respondent,

v.

Heritage Healthcare of Estill, LLC, d/b/a Heritage of the Lowcountry and/or Uni-Health Post Acute Network of the Lowcountry, United Clinical Services, Inc., United Rehab, Inc., and UHS-Pruitt Corporation, Appellants.

Appellate Case No. 2012-207289

---

Appeal From Hampton County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-318
Heard May 5, 2014 – Filed August 6, 2014

---

**REVERSED**

---

Monteith Powell Todd, John Michael Montgomery, and Robert E. Horner, all of Sowell Gray Stepp & Laffitte, LLC, of Columbia; and Jason Edward Bring, W. Jerad Rissler, both of Arnall Golden Gregory, LLP, of Atlanta, Georgia, for Appellants.

Lee Deer Cope, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton; Charles McCutchen, of Lanier & Burroughs, LLC, of Orangeburg; Matthew Vernon Creech, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Ridgeland; and Margie Bright Matthews, of Bright Matthews Law Firm, LLC, of Walterboro, for Respondent.

---

**PER CURIAM:** In this wrongful death and survival action alleging nursing home negligence, Heritage Healthcare of Estill, LLC, d/b/a Heritage of the Lowcountry and/or Uni-Health Post Acute Network of the Lowcountry, United Clinical Services, Inc., United Rehab, Inc., and UHS-Pruitt Corporation (collectively, "Heritage") appeal from the trial court's denial of its motion to compel arbitration. Heritage argues the trial court erred in (1) concluding the arbitration agreement was not governed by the Federal Arbitration Act (FAA) when the transaction between the parties involved interstate commerce and (2) refusing to enforce the parties' Arbitration Agreement in accordance with its plain terms. We reverse.

1.     We reverse as to whether the trial court erred in concluding the arbitration agreement was not governed by the FAA. *See Dean v. Heritage Healthcare of Ridgeway*, Op. No. 27401 (S.C. Sup. Ct. filed June 18, 2014) (Shearouse Adv. Sh. No. 24 at 40) (overruling *Timms v. Greene*, 310 S.C. 469, 427 S.E.2d 642 (1993), in its entirety, and finding the arbitration agreement involved interstate commerce, and thus was governed by the FAA).

2.     We reverse as to whether the trial court erred in refusing to enforce the parties' Arbitration Agreement in accordance with its plain terms. *See Dean* at 42 (determining the American Arbitration Association (AAA) arbitral forum was not a material term to the arbitration agreement, and therefore, there was no reason any potential arbitration proceeding between the parties could not "follow the rules of" the AAA in a different arbitral forum).

3.     We reverse as to whether the trial court erred in ruling Heritage waived arbitration. *See Dean* at 47 (ruling the appellants did not delay in filing their demand for arbitration when the appellants participated in the statutorily required mediation process, and after the respondent filed her formal complaint, moved to compel arbitration at their first opportunity).

4.      We reverse as to whether the trial court erred in ruling there was no meeting of the minds between the parties.  The trial court found there was no meeting of the minds as to what the parties were entering into because the admissions director for Heritage stated during her deposition that she did not know what the Arbitration Agreement meant.  However, Johnson admitted she signed the Arbitration Agreement without first reading it.  *See Regions Bank v. Schmauch*, 354 S.C. 648, 663, 582 S.E.2d 432, 440 (Ct. App. 2003) ("A person who signs a contract or other written document cannot avoid the effect of the document by claiming he did not read it.").  Furthermore, the Arbitration Agreement itself states, "The Resident is not required to sign this Arbitration Agreement in order to be admitted to or to remain in the Facility."  *See Player v. Chandler*, 299 S.C. 101, 105, 382 S.E.2d 891, 893 (1989) ("South Carolina common law requires that, in order to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement."); *id.* at 105, 382 S.E.2d at 894 ("The 'meeting of minds' required to make a contract is not based on secret purpose or intention on the part of one of the parties, stored away in his mind and not brought to the attention of the other party, but must be based on purpose and intention which has been made known or which, from all the circumstances, should be known.").

Accordingly, the decision of the trial court is

**REVERSED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**