**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bonnie Riley, Appellant,

v.

Michael Outlaw, Respondent.

Appellate Case No. 2016-001867

Appeal From Calhoun County
Richard B. Ness, Special Referee

Unpublished Opinion No. 2019-UP-002
Submitted November 1, 2018 – Filed January 4, 2019

**AFFIRMED**

Bonnie Riley, of Calhoun, pro se.

James B. Jackson, Jr., of Nester & Jackson, PA; and
Russell Allen Blanchard, IV, of Williams & Williams,
both of Orangeburg, for Respondent.

**PER CURIAM:** Bonnie Riley appeals the special referee's order finding her in breach of contract and awarding Michael Outlaw damages. On appeal, Riley argues the special referee erred in (1) finding she breached an enforceable verbal contract, (2) finding Outlaw was entitled to equitable relief based on the theory of

quantum meruit, and (3) awarding Outlaw damages in the amount of $17,965. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.

1. As to whether the special referee erred in finding Riley breached an enforceable verbal contract, and Outlaw was entitled to relief by either monetary damages or specific performance: *Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004) ("An action for breach of contract is an action at law."); *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009) ("In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law."); *id.* at 600, 675 S.E.2d at 415 ("The [c]ourt will not disturb the [special referee]'s findings unless they are found to be without evidence that reasonably supports those findings."); *Lowcountry Open Land Tr. v. Charleston S. Univ.*, 376 S.C. 399, 406, 656 S.E.2d 775, 779 (Ct. App. 2008) ("An action for specific performance lies in equity."); *Fesmire v. Digh*, 385 S.C. 296, 303, 683 S.E.2d 803, 807 (Ct. App. 2009) ("In an action in equity, the appellate court may resolve questions of fact in accordance with its own view of the preponderance of the evidence."); *id.* ("However, this broad scope of review does not require this [c]ourt to disregard the findings at trial or to ignore the fact that the [special referee] was in a better position to assess the credibility of the witnesses."); *Bradshaw v. Ewing*, 297 S.C. 242, 245, 376 S.E.2d 264, 266 (1989) ("The [s]tatute of [f]rauds, codified at [section] 32-3-10, requires, in pertinent part, that a contract for the sale of land must be in writing."); S.C. Code Ann. § 32-3-10 (2007) ("No action shall be brought . . . [t]o charge any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them . . . [u]nless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing . . . ."); *Player v. Chandler*, 299 S.C. 101, 105, 382 S.E.2d 891, 894 (1989) ("Failure to put such a contract in writing renders it void."); *Graham v. Prince*, 293 S.C. 77, 81, 358 S.E.2d 714, 717 (Ct. App. 1987) ("An oral contract within the [s]tatute of [f]rauds may be taken out by performance where one party does some act essential to performance of the agreement resulting in loss to himself and benefit to the other."); *Bradshaw*, 297 S.C. at 245, 376 S.E.2d at 266 ("Performance may be proved by evidence of the following: (1) improvements to the real estate; (2) possession of the real estate; (3) payment of the purchase price."); *Player*, 299 S.C. at 105-06, 382 S.E.2d at 894 ("In order for part performance of an oral agreement to remove the agreement from operation of the [s]tatute of [f]rauds and permit specific performance, the [nonbreaching party] must establish acts which relate clearly and unequivocally to the agreement,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

exclusive of any other relation between parties touching such agreement."); *Settlemeyer v. McCluney*, 359 S.C. 317, 320, 596 S.E.2d 514, 516 (Ct. App. 2004) ("To compel specific performance of an oral agreement where part performance is alleged to remove the contract from the statute of frauds, a court of equity must find: 1) clear evidence of an oral agreement; 2) the agreement had been partially executed; and 3) the party who requested performance had completed or was willing to complete his part of the oral agreement.").

2. As to whether the special referee erred in finding Outlaw was entitled to relief under a theory of quantum meruit: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

3. As to whether the special referee erred by awarding Outlaw $17,965 in damages: *QHG of Lake City, Inc. v. McCutcheon*, 360 S.C. 196, 202, 600 S.E.2d 105, 108 (Ct. App. 2004) ("In a law action, the measure of damages is determined by the parties' agreement, while in equity, 'the measure of the recovery is the extent of the duty or obligation imposed by law, and is expressed by the amount which the court considers the defendant has been unjustly enriched at the expense of the plaintiff.'" (quoting *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 341 S.C. 1, 8, 532 S.E.2d 868, 872 (2000))); *Madren v. Bradford*, 378 S.C. 187, 195, 661 S.E.2d 390, 395 (Ct. App. 2008) ("Generally, damages will consist of '(1) out-of-pocket costs actually incurred as a result of the contract; and (2) the gain above costs that would have been realized had the contract been performed.'" (quoting *Collins Entm't., Inc. v. White*, 363 S.C. 546, 559, 611 S.E.2d 262, 269 (Ct. App. 2005))); *id.* ("Though a party need not prove damages with mathematical certainty, the evidence should allow a court to reasonably determine an appropriate amount.").

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**